Keller v. Killion, et al.

---

KELLER v. KILLION, *et al.*

1. CERTIFICATE OF THE CLERK. This court will not notice a certificate by
   a clerk of the District Court, of facts which do not appear in the
   record.
2. RECORDS: BENCH DOCKET. When a judgment recites that the defend-
   ant appeared, and a memorandum on the bench docket shows that
   judgment was rendered by default, the appellate court will he gov-
   erned by the judgment entry.

*Appeal from Boone District Court.*

WEDNESDAY, OCTOBER 19.

The entry of judgment recites: "plaintiff appeared by his
attorneys, and the defendant appeared by his attorney, &c."
This was at the April Term, 1858, of the Boone District
Court. Defendants perfected their appeal in October, of that
year. The cause was continued at the December Term, 1858,
of this court, and at the April Term, 1859, of the District
Court, after notice to plaintiff, defendants moved to correct
the record. In determining this motion, this entry was made.
"It appearing to the court, by the bench docket of the pre-
siding judge, that a default had been entered, no appearance
being had for defendant, it is ordered that a note of the
same be made by the clerk on the records of this court, and
that he certify a copy of the entries and minutes appearing

upon the judge's docket of the April term, 1858." The entries on the judge's docket thus certified, are: "proof of publication filed—default granted—clerk assess." The errors assigned are, in rendering judgment by default, without a sufficient service and without an appearance.

*Hull* and *Dennison*, for the appellants.

*J. S. Polk*, for the appellee, relied upon *Musgrave* v. *Brady*, Morris 456; *Burkadink* v. *Baker*, Ib. 442; *Campbell* v. *Ayres*, 6 Iowa 341.

WRIGHT, C. J.—The certificate of the clerk, stating his reasons for erasing a portion of the transcript after the same was made out, and other matters of a similar nature, we cannot notice. It is his duty to certify what is contained in the record, and not what in his opinion, or the opinion of any body else, it ought to contain. Looking at the record as it stood there at the time of the appeal, it appears that defendant did appear to the action; and the sufficiency of the service of notice, whether personally or by publication, therefore becomes immaterial. The question remaining then, is, what effect shall the entry made at the last April term, have upon the judgment now to be entered? Our conclusion is, that if there is any mistake in the original entry, it is better to turn the party injured thereby, to his remedy against those making it, (if any injury he has sustained,) than undertake to determine its correctness and set it aside upon facts so meagre as those relied upon by appellant. Between April in 1858 and 1859, there was a change of judges in this district. The one presiding in 1859, knew nothing about the case except as shown by the entries.

And it will be observed that he does not order a correction of the record, but only that a note be made by the clerk, of what appeared on the bench docket of the presiding judge. So that the most favorable view of the case to the appellant, is, that the entry of judgment shows an appearance, while the entry on the docket made by the former judge,

shows a default.   Under such circumstances, the safer rule is, to be governed by the judgment entry.   This is required to be read in open court, and may be inspected by the parties to any action, either before or after it is signed by the judge.   The judge's notes, are those kept for his own convenience, are not read or examined by counsel, and yet, in the absence of other and higher proof, are entitled to their due weight as to what transpired, or was done in any cause. And then the case does not stand so strong for appellants, by any means, as it would if the court in 1859 had found that there was an error in the entry, and ordered the correction.

Judgment affirmed.