Fox v. Meacham.

E. O. FOX AND OTHERS, PLAINTIFFS IN ERROR, v. S. H. MEACHAM, DEFENDANT IN ERROR.

1. **Motion for new trial.** The statute requiring a motion for a new trial to be made at the term at which the verdict was rendered, and within three days after its rendition (except for newly discovered evidence), is mandatory; and if the motion is afterwards made it is of no avail to the party filing it.

2.  **Justice of the Peace:** JURISDICTION. In a case tried before a justice of the peace, without a jury, he judicially determines the whole case, and must make an entry of his judgment within the time fixed by the statute for that purpose; after the expiration of this time, his judicial functions in respect to the subject matter cease, and he has no authority thereafter to amend, change, or modify his judgment.

3.  ————: LIABILITY OF SURETIES ON OFFICIAL BOND. When a justice of the peace, acting as such justice, violates the law and abuses his authority to the injury and damage of another, the sureties on his official bond are liable for his acts, and an action lies primarily against him and his sureties.

ERROR from the district court for Otoe county. Tried below before POUND, J. It was an action brought by Meacham against Fox, a justice of the peace, and the sureties on his official bond, for damages sustained by Meacham on account of a levy and sale of his property under an execution issued against him by Fox. Judgment below for $500 and costs was given in his favor. Fox and the sureties bring the cause here by petition in error.

*H. H. Blodgett & Brother*, for plaintiffs in error, claimed that the authorities recognizing a principle or rule by which the security on official bonds may be liable can be distinguished from those acts for which they will not be held liable. The former are termed acts done *virtute officii*, and the latter *colore officii*. The distinction is the acts done, *virtute officii*, are where they are within the authority of the officer, but in doing it he exercises that authority improperly or abuses the confidence which the law reposes in him, whilst acts done *colore officii* are where they are of such a nature that his office gives him no authority to do them. *Seeley v. Birdsall*, 15 Johns., 267. *Dozpner v. The State*, 36 Ind., 111. *State v. Woodman*, Id., 511. *People v. Schuyler*, 4 New York, 179. *Tompkins v. Sands*, 8 Wend., 462. *Carpenter v. Sloane*, 20 Ohio, 330.

The record shows that the verdict was rendered December 22, 1876, and at that date court adjourned until December 28, at which an application for a new trial was made, and it seems to us, by a fair construction of the statutes, the adjournment of the court was sufficient to unavoidably prevent the application being made before. It seems to us it must have been the legislative intent to give litigants three judicial days to make application, unless court adjourned; for what benefit can it be to file the motion when it cannot be heard? We suppose it was the legislative intent to limit the time to three days so as to bring it before the court while the errors complained of are fresh in his memory. Then how could it avail anything if court had adjourned? The application was made before judgment. *McWillie v. Perkins*, 20 La. Ann., 168. *Citizen's Bank v. Bellocq*, 19 La. Ann., 376, say litigants have three judicial days to move for a new trial under a statute similar to ours.

There is framed in the bill of rights in the constitution of Nebraska: The right to be heard in all civil cases in the court of last resort by appeal, error, or otherwise shall not be denied.

Sedgwick says this is peremptory language of our constitution to keep the legislature in constant control. Sedgwick, 216. Cooley's Constitutional Limitations, 37.

GANTT, J.

In the court below, the motion for a new trial in this case, was not filed until several days after the expiration of the time limited by the statute, which provides that application must be made at the term the verdict is rendered, and, except for cause of newly discovered evidence, "shall be made within three days after the verdict or decision is rendered."

It is, however, now insisted, on the part of the plain-

tiffs in error, that this limitation fixed by the statute may be disregarded by the court, and that, as the right to grant a new trial is an inherent power in the court, it is in the discretion of the court to grant the new trial upon a motion filed at any time without regard to the time limited by the statute. Now the authority of the legislature to regulate by statute the application for a new trial will not be questioned; and as the legislature of our state has, by a mandatory act, fixed the time within which the application must be made, we think the court has no power to disregard such law, and none of the authorities cited by the counsel go that far. In the case of *Johnson v. Semple*, 31 Iowa, 50, which is relied on here, it was insisted that, as no motion was made for a new trial, no question was raised upon which the court would pass; but the court held that the act of 1860 waived the filing of such motion, which before that act was necessary for raising legal questions; that the act was in itself "a perpetual motion" for a new trial in every case where the same questions were formerly raised by motion, and suggested that the title of the act would more properly have been "an act for the relief and benefit of lazy and careless lawyers."

In *Munch v. Williamson*, 24 Cal., 170, it does not appear that the motion was made after the entry of judgment, and section 1182 of the code of that state provides that "the application for a new trial must be made before judgment." And in *Williams v. St. Louis Circuit Court*, 5 Mo., 254, it is said that: "A party who sleeps upon his rights until the time allowed him to make his motion for a new trial expires can no longer claim to make his motion as a matter of right." But upon a suggestion that substantial justice has not been done, "the court may look into the matter or not. If they refuse to grant a new trial no error will lie, because no law authorized the motion after the four days ex-

pired." This seems to be the correct exposition of the law, and therefore, in the case at bar, as the motion was not made within the time limited by the statute, it cannot avail the plaintiffs anything.

But when we look into the record, we discover no sufficient grounds for disturbing the judgment of the court below.

The plaintiff, Fox, was a justice of the peace, before whom a criminal complaint was made by defendant against one Isaac S. Collins, and after hearing the case the prisoner was discharged, and the plaintiff, as such justice of the peace, rendered "judgment against the state" for costs. Afterwards, he issued execution upon this judgment against the defendant in error, and caused his property to be sold by the officer executing the writ; and the defendant alleges, that by reason thereof, he was injured, and sustained damages, and this is the subject matter of the action. The main ground of error is, that the court refused to permit plaintiff, Fox, on the trial of this cause, so to amend his docket entry in the criminal case, as to set forth a finding that the prosecution was malicious and without probable cause, and the entry of judgment against this defendant for costs. It is said he so intended his record to be made, and had made some such minutes on loose papers, but such papers became lost. Suppose such minutes were made (which seems questionable), can he make any such amendment or entire change of his record on a trial against him for damages sustained by his misconduct in issuing the execution? We think not. But it is contended that the entry of the judgment was merely a ministerial act, and can be amended at any time, and the authority mainly relied on to support this proposition is the case of *Stephens v. Santee*, 49 N. Y., 39. In that case the court held that the entry of a judgment on his docket by a justice of the peace upon the verdict of a jury is minis-

terial, as the law made a judgment for that amount the only one that could be rendered; but " when the case is tried by a justice, without a jury, he is judicially to determine the amount of the recovery, and he must do this, and make an entry thereof, as required by law within the time fixed by the statute for that purpose. After the expiration of this time his judicial functions in respect to the matter cease, *and he can do nothing further in the premises.*"    We think this is a correct interpretation of the law.    Hence, as all judicial functions of Fox as justice of the peace ceased after the entry of the judgment by him in the criminal case, he could do nothing more in the premises, and had no authority to amend, change, or modify the judgment.    The proposed amendment and evidence in respect to it were properly rejected by the court.

Again, it is urged that the court erred in overruling the motion to dismiss the action as to Taggart and Bottsford, the sureties on the official bond of Fox.    It is clear that in the matter of the criminal proceedings and the issuance of the execution, the plaintiff Fox did not act as a private individual, but by virtue of his office, clothed with official power; and that under the power delegated to him by the statute, he had jurisdiction over the subject matter, and that he had authority to issue executions upon judgments properly rendered by him as such justice of the peace, but when, in the exercise of this authority as justice of the peace, he infringes the law and abuses this authority to the injury and damage of another, we think his sureties on his official bond are liable for his acts in such case.    This principle is clearly announced in the case of *Kane v. The Union P. R. R. Co.*, 5 Neb. 107–8, and we adhere to the rule laid down in that case.    The action lies primarily against the principal and his sureties.    *Van Pelt v. Littler*, 14 Cal., 194. *Briley v. Copeland*, 14 Ill., 39.

We are satisfied that the petition states facts sufficient to constitute a cause of action.

The judgment of the court below must be affirmed.

JUDGMENT AFFIRMED.

A motion for a rehearing in the foregoing case was denied, the defendant in error having entered a remititur of $120.    LAKE, J., dissented, and said he thought the motion should be sustained and a new trial granted; the entry of the remititur only cured one defect, but there were others fatal to a maintenance of the claim of the defendant in error.