James D. Gage et al. v. Bloomington Town Company.

Filed October 3, 1893.   No. 4823.

1. **Review**: Failure to File Motion for New Trial : Parties. In an action of ejectment against twenty-three different defendants, Z. and eight others united in an answer signed by W. their attorney, while G. with twelve others by their attorney F. filed an answer alleging a defense different from that stated in the answer of Z. After a finding and judgment for the plaintiff against all of the defendants, a motion for a new trial was filed alleging errors of law occurring at the trial and signed " E. A. F., attorney for defendants." *Held*, In the absence of evidence that F. appeared in the district court for the defendants who joined in the answer of Z., the latter have no standing in this court, and are not entitled to have the judgment reviewed.

2. ————: Error Proceedings : Impeachment of Journal Entry of Judgment by Minutes of Judge. On proceedings by petition in error to review a judgment of the district court, the minutes of the judge on the trial docket will not be received to impeach the judgment as entered at large upon the journal and approved by the judge.

Error from the district court of Franklin county Tried below before Morris, J.

*E. A. Fletcher*, for plaintiffs in error.

*Sheppard & Black, contra.*

Post, J.

This was an action by the defendant in error in the district court of Franklin county to recover the west half of the southwest quarter of section 31, township 2, range 14 west, in said county. There were named in the petition twenty-three different defendants, of whom Julia M. Zediker and eight others joined in an answer by their attorney, H. Whitmore, and James D. Gage with twelve others joined

in an answer by E. A. Fletcher, their attorney. These pleadings will for convenience be referred to as the "Gage answer" and the "Zediker answer."

It is alleged, among other things, by the plaintiff below that it is a corporation duly organized and existing under and by virtue of the laws of the state of Nebraska. The Zediker answer consists of a denial in the following language : "The defendants deny that said plaintiff is or ever has been a corporation duly organized and existing under and by virtue of the laws of the state of Nebraska."

The Gage answer consists (1) of a general denial, (2) an allegation that certain conveyances through which the plaintiff claims title were made without consideration, (3) an allegation that The Franklin Town Company, the plaintiff's immediate grantor at the time of the execution of the deed to it, and at the time it attempted to convey to plaintiff was not a corporation, and incapable of receiving, holding, or conveying the title to property of any kind or character.

The reply to each answer is a general denial.

From the transcript filed in this court it appears that a trial was had on the 12th day of December, 1890, which resulted in a finding and judgment for the plaintiff below, against all of the defendants therein. On the 19th day of the same month a motion for a new trial was filed, alleging, as grounds therefor, that the finding is against the law and the evidence; also errors occurring at the trial. Said motion is signed "E. A. Fletcher, attorney for defendants."

1. The first proposition argued is that the defendants named in the Zediker answer have no standing in this court, for the reason that they did not join in the motion for a new trial. In that proposition we fully concur. So far as we are informed, Mr. Fletcher appeared in the district court only for the defendants named in the answer signed by him. Since the record fails to disclose the filing of a motion for a new trial by the defendants named, we must as-

sume that they were satisfied with the judgment below, and cannot now complain.

2. It is apparent that the motion of the other defendants was not filed within the time required by law, and was for that reason properly overruled. The provision which requires the motion to be filed within three days from the date of the verdict or finding is mandatory and cannot be enlarged by the court. (*Fox v. Meacham*, 6 Neb., 530; *Roggencamp v. Dobbs*, 15 Id., 620; *Davis v. State*, 31 Id., 242; *McDonald v. McAllister*, 32 Id., 514.) We find in the record, however, a certified copy of the judge's notes as they appear from the trial docket, as follows:

"Dec. 10. Trial.

"Dec. 12. Jury waived and trial to the court. Court finds on issues joined for the plaintiff, and finds that defendant has paid taxes on same in the sum of $15, and that defendant has a lien on premises in question for such sum of $15. Motion for new trial overruled. Defendant excepts. Judgment for plaintiff for possession of land in question, and judgment for defendant Gage for sum of $15. Each party to pay their own costs. Defendant allowed forty days to present his bill of exceptions to adverse party."

Provision is made for a trial docket, which is to be made up by the clerk at least twelve days prior to the first day of each term of court, and in which shall be entered such causes as stand for trial thereat. (Code, secs. 281*a*, 323.) Although it is customary for the judge to enter in the trial docket or calendar notes or minutes of the orders made, such entries are not made pursuant to the requirement of any statute and are not, strictly speaking, parts of the record of the court. They are rather memoranda for the use of the judge and clerk in making up the record. It is provided by section 27, chapter 19, Comp. Stats., entitled "Courts," that the clerk shall keep a record of the proceedings under the directions of the judge, which shall, when the business of the court does not prevent, be made up before

the opening of the next day, and that the first business of each day shall be the reading of the record of the preceding day, and when found correct to be signed in open court. The record therein contemplated, when once made up, is the legal and authentic evidence of the proceedings of the court, and cannot in any appellate proceeding 'be contradicted or impeached by the entries in trial docket. (*Moore v. Brown*, 10 O., 198; *Keller v. Killion*, 9 Ia., 329; *Hoffman v. Leibfarth*, 51 Id., 711; *Miller v. Wolf*, 63 Id., 233.) The principle of the above cases is distinctly recognized by this court. (*Sullivan Savings Institution v. Clark*, 12 Neb., 578.) As the judgment must be affirmed on the grounds stated, it is unnecessary to consider the other questions presented by the record.

AFFIRMED.

THE other judges concur.