JACKSON BRADLEY V. AUGUSTUS B. SLATER.

FILED MAY 3, 1899. No. 9977.

1. Opening Judgments: JURISDICTION OF COURTS. A court of general jurisdiction possesses inherent power to vacate or modify its own judgments at any time during the term at which they are pronounced.

2. ———: ———. Such power exists entirely independent of any statute. It is derived from the common law, and the provision of the Code of Civil Procedure relating to new trials does not assume to abridge it. Section 314 of said Code does not deal with the power of the court but with the rights of the parties.

3. ———: FORM OF APPLICATION. A defendant against whom judgment has been rendered by default may during the term, and after the expiration of three days from the date of the judgment, ask the court, as a matter of judicial grace and in furtherance of justice, to grant him a new trial; and the court may comply with his request regardless of the form in which it is presented.

4. ———: ———. If the application in such case be in the form of an ordinary motion for a new trial, it will be presumed that the court in sustaining it acted within its authority, and not in violation of law; that it rightfully exerted its inherent jurisdiction, and not that it erroneously assumed to grant the motion as a demandable right.

REHEARING of case reported in 55 Neb. 334. *Affirmed.*

*Warren Switzler*, for plaintiff in error.

*Duffie & Van Dusen, contra.*

SULLIVAN, J.

At a former term the judgment of the district court was affirmed. (*Bradley v. Slater*, 55 Neb. 334, 75 N. W. Rep. 826.) A rehearing was afterward allowed and the cause has been again argued and submitted. Of the points discussed on the re-argument it will be necessary to consider only the authority of the court to grant Slater's motion for a new trial filed more than three days after the rendition of the judgment against him. A re-examination of this question has satisfied us that the conclusion announced in the former opinion is correct, and we adhere to it. Courts of general jurisdiction possess inherent power to vacate and modify their own judgments at any time during the term at which they were pronounced. This power exists entirely independent of any statute. It is derived from the common law, and the provisions of the Code of Civil Procedure relating to new trials do not assume to abolish or abridge it. Section 314 of the Code does not deal with the power of the court, but with the rights of the litigant. It declares that a verdict or decision shall be vacated and a new trial granted, on the application of the party aggrieved, for certain enumerated reasons. If any one of these reasons exists and the party complaining makes his application in writing within the time fixed by the statute, the court has no discretion in the matter; the motion must be sustained. But if such motion be presented out of time, it is not entitled to be considered and may be stricken from the files. To overrule it is not error. Such is the effect of the decisions cited by counsel for Bradley. (*Wells v. Preston*, 3 Neb. 444; *Fox v. Meacham*, 6 Neb. 530; *Davis v. State*, 31 Neb. 240; *McDonald v. McAllister*, 32 Neb. 514; *Gage v. Bloomington Town Co.*, 37 Neb. 699; *State v. Holmes*, 38 Neb. 355; *Brown*

*v. Ritner,* 41 Neb. 52.)  These cases are not opposed to the doctrine of this case.  One may ask as a matter of judicial grace what he cannot demand as a legal right.  While Slater had by his laches forfeited his statutory right to move for a new trial, it was yet entirely proper for him to request a vacation of the judgment and a retrial of the cause; and the court had undoubted right, in the exercise of its discretion and in furtherance of justice, to grant such request.  The form of the application was of no consequence.  It was competent for the court to grant it regardless of the form in which it was made.  But it is said the motion was an attempt to assert a statutory right, and that the order sustaining it was the result of a mistaken effort to.exert a statutory power.  This does not appear, either directly or by inference.  The presumption is that the court acted within the limits of its authority and dealt with the application as an appeal to its inherent jurisdiction.  Had the motion been filed within the time fixed by the statute it would have been entitled, of course, to consideration as a statutory motion.  The presumption then would be that the court so considered it, and that there was no exertion of common-law power.  It seems to us entirely clear that the district court being possessed of ample authority to vacate the judgment, its order in the premises was regular and valid, although made in response to an application in the form of an ordinary motion for a new trial.  Cases indirectly supporting the conclusion reached are: *Fox v. Meacham,* 6 Neb. 530; *Williams v. St. Louis Circuit Court,* 5 Mo. 254.  The judgment will stand

AFFIRMED.