SCHUYLER BUILDING & LOAN ASSOCIATION, APPELLEE, V.
HARRIET FULMER ET AL., APPELLANTS.

FILED DECEMBER 18, 1900.   No. 9,310.

1. Decree of Foreclosure: SALE OF MORTGAGED PROPERTY: FINAL OR-
   DER.  A decree foreclosing a real estate mortgage, with the
   usual provision for a sale of the mortgaged property, is a final
   order or judgment within the meaning of the Code.

2. Vacation of Decree: POWER OF DISTRICT COURT: STATUTE. A district
   court is without power to vacate a decree entered by it at a
   prior term foreclosing a mortgage, except for the causes and in
   the manner prescribed by statute.

3. Motion for New Trial: LIMITATION:   Except on the ground of
   newly-discovered evidence, a motion for a new trial must be
   filed within three days after the judgment is rendered.

APPEAL from the district court for Colfax county.
Heard below before MARSHALL, J.   *Reversed.*

*George R. Doughty,* for appellants.

*C. J. Phelps, contra.*

NORVAL, C. J.

This suit was instituted in the district court of Colfax
county by the Schuyler Building & Loan Association, to
foreclose a certain mortgage to it executed and deliv-
ered by Harriet Fulmer and Henry M. Fulmer.   The
Fulmers filed an answer to the petition, setting up usury
in the transaction.   Trial was had on the issues in the
case on August 10, 1896.   The court found that the condi-
tion of the mortgage had been broken by the Fulmers,
that there was due plaintiff thereon the sum of $363, and
directed the sale of the property, in the case of failure to
pay the amount due within twenty days, the decree be-
ing in the form usual in foreclosure suits.   On Septem-
ber 28 following, and during the same term, plaintiff filed
a motion in the case, asking the court to set aside the
findings and order so made, on the ground that the same

were not supported by sufficient evidence, and were contrary to law. Shortly afterwards the court adjourned *sine die*, without having acted upon this motion. At the next regular term, however, the court granted the motion, set aside its former decree, and thereupon entered a new decree against the Fulmers in a larger amount, to-wit, in the sum of $893.60, and directed the mortgaged premises sold, as was ordered done in the first decree. The Fulmers appealed, claiming that the district court had no jurisdiction either to set aside the first decree by it rendered, or to enter the second decree, since the one first entered was a final judgment and, as such, could not be set aside, even at the term when pronounced, except by the court of its own motion, or upon the granting of a motion for a new trial, which motion should have been filed within three days of the entry of said decree, it not having been based on newly-discovered evidence, as provided by the Code; that the district court had no jurisdiction to set it aside at a succeeding term, except on a motion for a new trial having been properly filed by the plaintiff, and that the proceeding was, therefore, void. To this counsel for plaintiff answers as follows: "The finding and order of sale, called a decree, in this, as in all foreclosure suits under our Code, is not a judgment. It does not finally dispose of the case. The sale follows under the order entered, and is reported, and if confirmed, then, and not until then, is the real final judgment in the case entered. Up to that time the case is open for such corrections, amendments and orders as justice to the parties may require." To this course of reasoning we can not assent. It is too clear to need the citation of authorities, that a decree in foreclosure cases is a final judgment. The reports of this state teem with appeals and cases brought here on error proceedings from decrees so entered, and we do not remember that any counsel has ever before so much as doubted the proposition that such decrees are final judgments. Such decrees are final orders or judgments within the mean-

ing of the Code and are reviewable before sale and con-
firmation. This being the case, the lower court could
only set aside the first decree entered by granting a mo-
tion for a new trial, which should have been filed within
three days after the entering of said decree. That not
having been done, and the term of court at which the
first decree was entered having terminated without any
action on the part of the court to set it aside on its own
motion, it lost jurisdiction to vacate or in anywise modify
it. Hence the action of the lower court in attempting to
set aside the decree of August 10, and in entering the
second decree, was void and of no effect, and said second
decree is, therefore, set aside and reversed, and the for-
mer decree reinstated.

                                                REVERSED.