CRETE MILLS, APPELLANT, V. LACLEDE STEVENS, APPELLEE.

FILED MARCH 13, 1931. NO. 27570.

*John L. Mattox*, for appellant.

*E. H. Evans, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOSS, C. J.

This is an action by plaintiff for damages for breach of written contract to purchase 420 barrels of flour, and by defendant on his cross-petition, asking for damages for breach of implied warranty on another carload of flour delivered by plaintiff to defendant.

There have been two jury trials of this case, one before Judge Tewell and the second before Judge Nisley.

On the first trial the jury returned a verdict November 16, 1928, for the plaintiff on its petition, for $369.85, and for the defendant upon its set-off in the sum of $405.37. On the same day plaintiff filed a motion for judgment on the cross-petition, notwithstanding the verdict, and filed a motion for a new trial, both of which the court overruled at the same term by a journal entry dated January 15, and filed on February 2, 1929. This journal entry was not artfully drawn, but, as we interpret the order, it denied a new trial on plaintiff's cause of action which had, in effect, been admitted in the answer except as to the amount; the entry further said that the evidence was insufficient to sustain the damages of $403.37 found by the jury in favor of defendant on its set-off, but found the evidence was sufficient to sustain $300 as damages on the set-off, and that defendant should, within five days, file a remittitur of $103.37, "and that, failing to file said remittitur within said time, a new trial shall be granted * * * upon the cause of action set forth in defendant's answer, and new trial denied as to the cause set forth in plaintiff's petition." The discrepancy of $2 in the figures above recited as to the verdict for the defendant is not of our making, but is taken from the record as we find it. Defendant filed no motion for new trial.

The record does not show, but we assume, from the fact of a second trial, that no remittitur was filed. No formal judgment on the verdict was ever entered, nor was there any judgment entered on the failure of defendant to file a remittitur. There is no journal entry in the record between that of Judge Tewell of January 15, 1929, just quoted, and that showing the beginning of a new trial before Judge Nisley on February 24, 1930, when a jury was impaneled and a new trial begun.

By his instructions on the first trial, Judge Tewell had directed the jury to find in favor of the plaintiff on its cause of action an amount which, with interest as directed by him and correctly computed by the jury, amounted to

$369.85, as fixed by the jury. At the beginning of the second trial plaintiff and its counsel assumed that a judgment had been entered on the plaintiff's cause of action in accordance with the verdict and the later finding and order of the court, and so was a long way from home, without witnesses and unprepared for trial except on the counterclaim. After the impaneling of the jury on February 24, 1930, plaintiff moved in open court for judgment in its favor on its cause of action in accordance with the verdict of the jury in the first trial, and proved by the clerk of the court the state of the record. In effect, the court overruled the motion, in that he required plaintiff to proceed on the petition and, on plaintiff's refusal to do so, took under advisement the defendant's motion for a judgment upon plaintiff's petition and that the same be dismissed at plaintiff's costs. Later in the trial the court sustained defendant's motion and dismissed the petition. The trial proceeded on the cross-petition and resulted in a verdict and judgment for the defendant for $375.

When the verdict was returned in the first trial it was the duty of the clerk under the Code of Civil Procedure to render judgment in conformity to the verdict, unless the court order the case to be reserved for future argument or consideration. Comp. St. 1929, sec. 20-1313. While it is true that section 20-1316, Comp. St. 1929, requires that, in the case of a counterclaim or set-off, when it exceeds the plaintiff's claim established at the trial, judgment should be given defendant for the excess, yet it is the approved practice for the judgment entry to show the findings of the verdict for each party as a basis for the computation of the judgment for the excess suggested by the Code. Moreover, when Judge Tewell, in ruling on the motion of plaintiff for new trial, denied a new trial as to the recovery on plaintiff's cause and denied it as to defendant's cause, unless the latter should file the specified remittitur within five days, it was in effect a pronouncement of judgment for plaintiff on the recovery on his petition. It was the duty of the clerk to enter a proper judgment accordingly on the plaintiff's recovery when the five

days had elapsed without the filing of the remittitur. This procedure would have preserved plaintiff's rights on the petition already fully litigated and ordered by the judge presiding on that trial to be entered, as a judgment. The failure to enter the judgment was the basis for the fundamental error that runs through this proceeding.

This mistake, neglect or omission of the clerk was fully presented to the trial court on the second trial and plaintiff thus preserved his right to present the ruling of the court in failing to correct the record so as to show plaintiff's judgment and in dismissing plaintiff's petition. Comp. St. 1929, sec. 20-1928. That the term had ended, in which the proceedings on the first trial were had, did not deprive the court 'in the second trial from correcting the journal so as to make it show the judgment it should have shown in favor of the plaintiff. This comes under the power of the court at a subsequent term to modify its judgments and particularly, under the third subdivision of the section hereinafter cited, "for mistake, neglect or omission of the clerk." Comp. St. 1929, sec. 20-2001; *Clark & Leonard Investment Co. v. Rich*, 81 Neb. 321; *Hyde v. Michelson*, 52 Neb. 680; *Calloway v. Doty*, 108 Neb. 319. Even without this statute as to the neglect or omission of the clerk, it is the law that, where a party to an action is without fault, he cannot, as between the parties, be deprived of his rights therein through official fault. A familiar illustration of the application of this principle is found in those cases where a new trial is granted on failure of an official stenographic reporter to furnish a bill of exceptions until after the upset date allowed by statute. *Curran v. Wilcox*, 10 Neb. 449; *State v. Gaslin*, 32 Neb. 291; *Holland v. Chicago, B. & Q. R. Co.*, 52 Neb. 100; *Zweibel v. Caldwell*, 72 Neb. 47.

The cross-petition alleged a set-off. The right of action on that was independent of plaintiff's right of action on his petition. For convenience the law permits both actions between the same parties to be tried together. It also provides that, when the jury return a verdict for plaintiff on its petition and for defendant on its set-off,

the judgment shall be for the excess and in favor of the one allowed the larger amount. But where, as here, the court ordered a new trial as to one but denied it as to the other, there was no occasion for retrying the issue as to the independent cause of the other. The judgment should have been entered in favor of plaintiff and held to await the determination of defendant's action on his set-off. The dismissal of the petition of plaintiff and the failure to recognize its cause of action as adjudicated was erroneous.

After the jury were impaneled and the case stated to the jury, an additional attorney for defendant appeared at the counsel table. Plaintiff objected to the entry of new counsel after the jury were impaneled and sworn. Regular counsel for defendant explained to the court that he was afflicted with an attack of laryngitis and expected his voice to fail before the trial was over and so had asked counsel to sit in with him in case of emergency. The court overruled the objection. Plaintiff took no action to reexamine the jury on account of the presence of new counsel, nor otherwise than to state his objection and to take an exception when the court overruled his objection. We find no proper record here upon which to base prejudicial error.

Plaintiff argues that the evidence on behalf of defendant was insufficient to make out a *prima facie* case on the cross-petition and was insufficient to sustain the verdict for $375 thereon. We think there was sufficient evidence to submit the alleged damages to the jury. The jury is the tribunal to pass upon facts properly submitted. We cannot say that the damages assessed are excessive. Therefore we do not disturb the amount shown by the verdict to be due on the set-off but affirm that feature of the case.

Because of the error in refusing to recognize, as already adjudicated, the cause of action in plaintiff's petition, it will be necessary to reverse the judgment of the district court. However, the record affords ample data to direct what judgment should be entered, so as to do away with the necessity of another trial. The judgment for the plaintiff should have been entered as of November 16, 1928, for $369.85. The judgment on the verdict on the counter-

claim of defendant was $375, as of February 25, 1930. On the last named date the said judgment of plaintiff amounted to $402.85. The excess in favor of plaintiff is $27.85. Effect can be given to the law by vacating the order dismissing the petition and by entering judgment for the plaintiff for $27.85, with interest at 7 per cent. from February 25, 1930, and costs.

For the reasons stated in the opinion, the judgment of the district court is reversed and the cause remanded, with direction to reinstate the petition of plaintiff and to enter judgment for plaintiff for $27.85, with interest from February 25, 1930, and costs.

REVERSED.