ELMER H. FELDT, APPELLANT, V. GEORGE WANEK, APPELLEE.

278 N. W. 557

FILED MARCH 25, 1938. No. 30247.

*John Adams, Jr.,* and *Ralph W. Adams,* for appellant.

*J. H. Grosvenor* and *J. H. Grosvenor, Jr., contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE, CARTER and MESSMORE, JJ.

CARTER, J.

This is an appeal from an order of the district court for Hamilton county refusing to vacate a judgment of dismissal and to reinstate the cause of action.

The record discloses that the case had been pending for some time and had been regularly set for trial on November 19, 1936, when the events of which plaintiff complains occurred. On November 17, 1936, the plaintiff and his attorney at Lincoln signed and forwarded a telegram to M. F. Stanley, plaintiff's attorney at Aurora, directing him to dismiss the case without prejudice. The trial court thereupon dismissed the action at the request of Mr. Stanley. On January 8, 1937, plaintiff filed an application to set aside the judgment of dismissal and for a reinstatement of the action. This application was called up for hearing on April 5, 1937, the same being within a subsequent term of court, and on April 24, 1937, the court denied the application. The correctness of this ruling is before this court for decision.

The rule is established in this state that the court is without authority to vacate or modify its own judgments after the final adjournment of the term of court at which it was rendered except for the reasons stated and within the time limited in chapter 20, art. 20, Comp. St. 1929.

In *Lyman v. Dunn,* 125 Neb. 770, 252 N. W. 197, we said:

"In civil cases, a court of general jurisdiction has inherent power to vacate or modify its own judgments at any time during the term at which they are rendered.

"After the final adjournment of the term of court at

which a judgment has been rendered, the court has no authority or power to vacate the judgment except for the reasons stated and within the time limited in chapter 20, art. 20, Comp. St. 1929."

Other cases to the same effect are *Cronkleton v. Lane,* 130 Neb. 17, 263 N. W. 388, and *Elvidge v. Brant,* 131 Neb. 1, 267 N. W. 169.

There is no evidence in the record that brings the case within the provisions of chapter 20, art. 20, Comp. St. 1929. We necessarily conclude that it is governed by the authorities herein set out and that the trial court correctly denied plaintiff's application.

AFFIRMED.