STEPHEN M. GASPER, APPELLANT, v. JULIUS STANLEY MAZUR ET AL., APPELLEES.

54 N. W. 2d 66

Filed June 13, 1952. No. 33181.

*August Ross,* for appellant.

*George Evens,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

The plaintiff, Stephen M. Gasper, brought this action in the district court for Douglas County to foreclose a second mortgage on real estate owned by defendants Julius Stanley Mazur and his wife Evelyn Mazur. In the same proceedings the defendants filed an application to vacate and set aside the decree of foreclosure, order of sale, and confirmation thereof; to cancel the sheriff's deed; and to enjoin the sheriff from executing the writ of assistance issued to him. The trial court, upon hearing the cause at a subsequent term of court, sustained the defendants' application. The plaintiff filed a motion for new trial which was overruled. Plaintiff appeals from this order.

For convenience we refer to the parties as they were designated in the district court.

The record shows the defendants purchased the property in controversy on October 27, 1948, from John Gasper, the father of the plaintiff, for one dollar and other valuable consideration. There was a first mortgage on the property held by the Prudential Insurance Company of America, hereafter referred to as Prudential, in the amount of $7,988.50. The defendants were to pay to Prudential $57.84 a month on the principal, interest, taxes, and insurance. When the property was purchased the defendants made a payment of $1,392.82. They were informed by John Gasper that this payment was insufficient, and they would be required to pay an additional sum of $413.15. This was accomplished by the plaintiff, the son of John Gasper, loaning defendants $413.15 with interest at 5 percent per annum, to be paid in monthly installments of $10 until the debt was paid. As security for the loan the defendants executed and delivered to the plaintiff a second mortgage on the property. Under the terms of this mortgage the

defendants were in default, and the plaintiff instituted this suit.

The plaintiff's petition to foreclose his mortgage was filed April 20, 1951. Summons was issued April 20, 1951, and returned April 25, 1951. Service was had on defendants as provided for by law. The defendants failed to plead or answer as required and their default was taken. On June 11, 1951, decree of foreclosure was entered in the amount of $273.54. Order of sale was issued July 3, 1951. On August 14, 1951, sale was had and the property bid in by the plaintiff in the amount of $315. On August 15, 1951, plaintiff moved to confirm the sale, and sale was confirmed, sheriff's deed issued to plaintiff, and a writ of assistance issued. The defendants' application to vacate the judgment was filed September 6, 1951.

The application, insofar as necessary to consider, alleged that the defendants paid until the original debt to Prudential was reduced to $7,462.25, and paid interest as required, and until the plaintiff's debt was reduced to $264.63. The application also alleged the price for which the property was sold was so inadequate as to shock the conscience of the court. Defendants further alleged expenditures on their part in the amount of $411 to improve the property.

On September 26, 1951, the plaintiff filed a motion to dismiss the defendants' application, setting forth the regularity of the mortgage foreclosure proceedings, the indebtedness owing by defendants to plaintiff, and the amount of the Prudential mortgage which the plaintiff would be obligated to pay, a total of $7,960.63, the reasonable value of the property at the time the sale was confirmed, and prayed dismissal of the defendants' application.

The defendants produced evidence by witnesses engaged in the real estate business and familiar with the market value of property of this type fixing the value of defendants' property between $11,000 and $11,500,

which would leave an equity claimed by the defendants in excess of $2,400. John Gasper testified for plaintiff that the reasonable market value of the property would be $9,000.

The May term of court adjourned on September 29, 1951. On November 26, 1951, hearing was had on the defendants' application to set aside the judgment. The trial court sustained the same, and in its order granted the defendants 30 days to pay into court the sum of $682.30 for the benefit of the plaintiff. The order of November 26, 1951, in addition to sustaining the defendants' application also, in effect, overruled the plaintiff's motion to dismiss the defendants' application to set aside the judgment. On December 3, 1951, the defendants tendered into the court the sum of $682.30, as required by the order of November 26, 1951.

The defendants do not contend that their application to set aside the judgment is based on fraud or perjury, nor is it considered by defendants in the nature of a motion for new trial.

The plaintiff assigns as error that the trial court erred in finding it had the power to sustain the defendants' application to set aside the judgment.

The only question presented for determination is the power of the district court to vacate a judgment after the term of court at which it was entered has adjourned.

In this jurisdiction the law is established that courts of general jurisdiction possess inherent power to vacate or modify their own judgments at any time during the term at which they were pronounced. See, Bradley v. Slater, 58 Neb. 554, 78 N. W. 1069; Lyman v. Dunn, 125 Neb. 770, 252 N. W. 197.

After the final adjournment of the term of court at which a judgment has been rendered, the court has no authority or power to vacate the judgment except for the reasons stated and within the time limited in what is now Chapter 25, article 20, R. R. S. 1943, § 25-2001, contained therein. See, Lyman v. Dunn, *supra;* Cronkle-

ton v. Lane, 130 Neb. 17, 263 N. W. 388; State v. State Journal Co., 77 Neb. 771, 111 N. W. 118; Schuyler Building and Loan Assn. v. Fulmer, 61 Neb. 68, 84 N. W. 609; Feldt v. Wanek, 134 Neb. 334, 278 N. W. 557.

No contention is made by the defendants that they were entitled to a new trial within the time and in the manner prescribed in sections 25-1143 and 25-1145, R. R. S. 1943, as provided by subdivision (1) of section 25-2001, R. R. S. 1943. In any event, we conclude that no such reasons were appropriately set forth in the defendants' application to vacate the judgment in the foreclosure proceedings, and apparently nothing is stated in the defendants' application to show any grounds for vacating the judgment after the term as appears in section 25-2001, R. R. S. 1943. See, Shipley v. McNeel, 149 Neb. 793, 32 N. W. 2d 636; Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772.

For the reasons given herein, the judgment of the district court is reversed and the cause remanded with directions to set aside the order of November 26, 1951, and to reinstate the judgments and proceedings vacated by that order.

REVERSED AND REMANDED WITH DIRECTIONS.