ELDON MEIER, APPELLEE, v. N. CHRIS NELSEN, APPELLANT.

57 N. W. 2d 273

Filed March 13, 1953. No. 33275.

*Sidner, Lee & Gunderson,* for appellant.

*Richards, Yost & Schafersman,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from the district court for Dodge County by N. Chris Nelsen, defendant below. Defendant had been served with an order to show cause why he should not be adjudged in contempt of court for failure to comply with the court's decree of August 4, 1950, in favor of Eldon Meier. Hearing was held and judgment rendered. After judgment had been rendered the defendant filed a motion for new trial and has perfected this appeal from the overruling thereof. We shall herein refer to the respective parties as they appeared in the original action; that is, Eldon Meier as plaintiff and N. Chris Nelsen as defendant.

On August 4, 1950, the district court for Dodge County granted plaintiff the following relief: "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the ditch involved in this action, constructed by the defendant N. Chris Nelsen, be immediately filled in such manner as to prevent the draining of the water from the depression on defendant's land into the road ditch along the south side thereof and thence onto the land of the Plaintiff Meier, and that unless this order is complied with within 15 days from date hereof that a warrant issue out of this court directing the sheriff of Dodge County, Nebraska, to close said ditch in a sufficient manner to prevent the flow of water therein."

Thereafter, on June 18, 1952, plaintiff filed a verified motion wherein, after setting forth the foregoing provisions of the decree, he stated: "That the defendant has wilfully, wantonly and without any good cause failed, neglected and refused to comply with the provisions of said decree." Because thereof he asked: "* * * that an order of the court be granted directing the defendant to appear in the Courtroom in the District Court of Dodge County, Nebraska, to show cause if any there be, why he should not be adjudged guilty of contempt of court for failure to comply with the provisions of said decree * * *." Authority for such procedure is provided by sections 25-1072 and 25-2121, R. R. S. 1943.

This relief was granted and defendant was accordingly cited to appear. In response to the citation defendant filed a "Showing" to the effect that he had fully complied with the provisions of the decree.

A hearing thereon was had on June 30, 1952. At this hearing defendant sought to prove that he had fully complied with the court's decree of August 4, 1950, but in some respects the court prevented him from doing so by sustaining objections to the evidence offered. All evidence was admissible which tended to show full compliance with the court's order of August 4, 1950, as full compliance therewith is a complete defense to the charges made. We shall consider all the evidence received or offered which tends to prove that defendant complied with the court's decree.

Simply stated defendant's evidence shows that after the decree of August 4, 1950, was rendered he dammed the lower, or east end of the ditch located on his land. He also put a dam or dike along the south edge of his land at this location. This dam and dike effectively kept all water flowing in the ditch located on his land from getting into the road ditch and by that means onto plaintiff's land. It is true that water collecting on defendant's land can still flow east in the ditch located thereon. This ditch cuts through some slightly higher

ground which is just east of where the water collects. However, because of the change made by defendant it cannot now flow south into the road ditch and onto plaintiff's land as it did before the decree of August 4, 1950, was rendered. Now, when it reaches the east end of the ditch on defendant's land, it flows to the northeast through a depression. This depression, which is on defendant's land, has been cleaned out to permit a better flow.

After this evidence had been adduced the trial court made the following order:

"It is therefor ordered that defendant Nelsen plug said ditch by filling it level with the banks on either side at some point west of the high point in the ridge through which it is cut, and that said plug or dam be not less than six feet thick from east to west, within ten days from this date.

"It is further ordered that said plug or dam be maintained in substantially the same size and condition. That upon failure to comply with this order the defendant is found to be in contempt of court and fined the sum of $300 and costs. If defendant complies herewith he will be assessed only the costs of this hearing.

"It is further ordered that if the defendant fails to comply with this order in plugging said ditch that the Sheriff of Dodge County, Nebraska is hereby ordered and directed to dam said ditch as above provided."

The first question presented is raised by plaintiff's "Motion to Dismiss Appeal." This motion is based on the proposition that defendant could only bring this matter here by error proceedings.

We have held: "A conviction under contempt proceedings can only be reviewed in the supreme court by the filing of a petition in error as in a criminal case." Gentle v. Pantel Realty Co., 120 Neb. 630, 234 N. W. 574.

If the trial court had actually passed on defendant's guilt or innocence of the charge made against him this contention would have merit. But such is not the

situation before us. What the court did was not to pass upon that question but to materially enlarge the extent of the relief which it had granted plaintiff by its decree of August 4, 1950. The question of whether or not the court had jurisdiction to do so defendant had a right to have reviewed by appeal. We find this contention of plaintiff to be without merit and the motion to dismiss the appeal is overruled.

The order of June 30, 1952, was made in a term subsequent to the one in which the decree of August 4, 1950, had been rendered. It materially modified the decree of August 4, 1950, by enlarging the relief granted plaintiff therein.

We very recently held in Gasper v. Mazur, 155 Neb. 856, 54 N. W. 2d 66:

"In this jurisdiction the law is established that courts of general jurisdiction possess inherent power to vacate or modify their own judgments at any time during the term at which they were pronounced. See, Bradley v. Slater, 58 Neb. 554, 78 N. W. 1069; Lyman v. Dunn, 125 Neb. 770, 252 N. W. 197.

"After the final adjournment of the term of court at which a judgment has been rendered, the court has no authority or power to vacate the judgment except for the reasons stated and within the time limited in what is now Chapter 25, article 20, R. R. S. 1943, § 25-2001, contained therein. See, Lyman v. Dunn, *supra;* Cronkleton v. Lane, 130 Neb. 17, 263 N. W. 388; State v. State Journal Co., 77 Neb. 771, 111 N. W. 118; Schuyler Building and Loan Assn. v. Fulmer, 61 Neb. 68, 84 N. W. 609; Feldt v. Wanek, 134 Neb. 334, 278 N. W. 557."

The same is true of the power to modify. See § 25-2001, R. R. S. 1943. This is generally true in other jurisdictions. See 49 C. J. S., Judgments, § 238, p. 451.

We find the trial court was without power in this proceeding to materially modify its judgment rendered at a former term. We therefore reverse the judgment of

the trial court and remand the cause with directions to enter judgment in accordance herewith.

REVERSED AND REMANDED WITH DIRECTIONS.