VINCENT W. ROSE, APPELLEE, V. HENRY E. VONDERFECHT, APPELLANT.

92 N. W. 2d 691

Filed October 31, 1958. No. 34428.

*Baskins & Baskins,* for appellant.

*Beatty, Clarke, Murphy & Morgan, Donald W. Peder-son,* and *Frank E. Piccolo, Jr.,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is a proceeding arising out of a citation for contempt of court against the defendant for failure to com-

ply with the terms of an injunctive order. The defendant answered, setting forth facts indicating a full compliance with the injunction and praying for a dismissal of the contempt citation. The trial court did not pass upon the guilt or innocence of the defendant on the charge that he had violated the injunction. What the court did was to materially enlarge the scope of the relief it had granted plaintiff in its former decree bearing the date of January 31, 1955; and it authorized the plaintiff to put such enlarged decree into effect, and restrained the defendant from interfering with the plaintiff in so doing. A motion for a new trial was filed and overruled. Defendant has appealed.

Plaintiff contends that the appeal should be dismissed under the rule announced in Gentle v. Pantel Realty Co., 120 Neb. 630, 234 N. W. 574, wherein it is said: "A conviction under contempt proceedings can only be reviewed in the supreme court by the filing of a petition in error as in a criminal case." In the instant case there was no conviction for contempt. There was no judgment of any kind or nature disposing of the issue raised by the citation for contempt and the answer filed thereto. We think the controlling rule is stated in Meier v. Nelsen, 156 Neb. 666, 57 N. W. 2d 273, where, in a very similar situation, this court said: "If the trial court had actually passed on defendant's guilt or innocence of the charge made against him this contention would have merit. But such is not the situation before us. What the court did was not to pass upon that question but to materially enlarge the extent of the relief which it had granted plaintiff by its decree of August 4, 1950. The question of whether or not the court had jurisdiction to do so defendant had a right to have reviewed by appeal. We find this contention of plaintiff to be without merit and the motion to dismiss the appeal is overruled." The motion to dismiss the appeal in the instant case is overruled.

The plaintiff has cross-appealed, contending that the

trial court erred in failing to adjudge the defendant guilty of contempt and in failing to punish him therefor, in failing to require defendant to pay damages to plaintiff, and in failing to require defendant to compensate plaintiff for restoring the premises in accordance with the injunction order entered January 31, 1955. The defendant has moved that the cross-appeal should be dismissed for the reason that this involves an issue which was not decided by the trial court and, if it had been decided, it could have been raised in this court only by petition in error. The motion to dismiss the cross-appeal is well taken. The issues raised by the citation for contempt and the answer filed thereto are not before this court, and could only be presented by an error proceeding. The cross-appeal is therefore directed to a matter not before the court. Under such circumstances the cross-appeal has no standing in this court and the motion to dismiss must be sustained.

The decree containing the injunctive order for the violation of which the defendant was cited for contempt was entered on January 31, 1955. The decree in the instant case was entered on January 21, 1958, and was made in a term subsequent to the one in which the decree of January 31, 1955, was entered. It is the rule in this state that, after the adjournment of the term of court at which a judgment has been rendered, the court has no authority or power to vacate or modify the judgment except for the reasons stated and within the time limited by section 25-2001, R. R. S. 1943. Meier v. Nelsen, *supra*.

It is the contention of the defendant that the trial court in the present case extended the scope of the relief granted in the decree entered on January 31, 1955. This decree provided "that the plaintiff has an easement for a right of way across the South Half (S½) of Section 23 * * *, now owned by the defendant, Henry E. Vonderfecht, between the gates which formerly existed in the fence on the half-section line between the North

Half of said Section 23 and the South Half of said Section 23, designated in the record and the evidence herein as gates one and two, said right of way consisting of and to be limited to a strip of land eight feet wide beginning at said gate one and following said fence and the edge of the canyon between said gates one and two from gate one to gate two, by adverse possession and user and by prescription; * * *." No appeal was taken from the foregoing decree. The extent of the easement which the plaintiff has obtained across defendant's lands is determinable from the language of the decree of January 31, 1955, and the reasonable inferences to be drawn therefrom. The intendments of the trial court in entering the decree are unimportant except as they are expressed in the language of the decree. A failure to appeal from the granting of the decree makes it a final disposition of the litigation which cannot be modified at a subsequent term of court except as provided by section 25-2001, R. R. S. 1943.

The evidence shows that defendant constructed a fence more than 8 feet south of the half section line fence, leaving a lane of 8 feet between the fences for plaintiff's use in compliance with the decree of January 31, 1955. The fence was concededly on defendant's property and not on the granted easement. The defendant had a right to construct such fence, and its construction is not violative of the decree of January 31, 1955. The trial court in its decree of January 21, 1958, authorized the plaintiff to remove this fence, and restrained the defendant from interfering with his so doing. The court in directing the removal of the fence immediately south of the easement in effect extended the scope of the easement granted by the decree of January 31, 1955, and it was error for the court to so do, under the circumstances shown.

There is evidence that defendant failed to construct gate one in such a manner that plaintiff could make use of the 8-foot easement along the line fence. It is rea-

sonably inferable from the decree of January 31, 1955, that gate one was to be constructed in such a way that it would permit the use of the easement. It is contended also that the fence was erected so close to the canyon that plaintiff was deprived of the use of the easement. We think it is reasonably inferable from the language of the decree of January 31, 1955, that an exit from the easement was contemplated in order not to deprive the plaintiff of the benefit of the easement granted him. There is evidence in the record that two posts had been removed from the east end of the fence to permit the clearance required by the decree. Such evidence is competent in determining whether or not the decree has been complied with.

It is evident that the decree entered by the trial court was not responsive to the issues as fixed by the pleadings in the case. The issue was whether or not defendant was guilty of contempt. The trial court failed to enter an order disposing of this issue. The trial court was in error in directing the removal of the fence on defendant's property and restraining the defendant from interfering with such removal. In a contempt proceeding a trial court may properly examine the nature and extent of an easement described in a valid and final decree of court, together with the reasonable inferences to be drawn from the language used, in determining the guilt or innocence of one charged with contempt for violating the court's order. Further than this the court may not go. In such a proceeding the court may not properly change the nature and extent of the easement granted and restrain the defendant from interfering with the performance of acts by the plaintiff which are violative of the easement as fixed and determined by the original decree.

For the reasons stated, the judgment is reversed and the cause remanded for further proceedings in accordance herewith.

REVERSED AND REMANDED.