STATE OF NEBRASKA, APPELLEE, v. CLARENCE W. BYRD ET AL., APPELLEES, IMPLEADED WITH MARYLAND NATIONAL INSURANCE COMPANY, APPELLANT.

183 N. W. 2d 234

Filed January 22, 1971. No. 37636.

Quigley & Quigley and William S. Dill, for appellant.

Richard L. Spittler and Michael V. Smith, for appellee State.

Darrell F. Holmes, Jr., for appellees Byrd et al.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is an appeal from the denial of a motion to set aside a judgment entered against Maryland National Insurance Company on the forfeiture of the two $5,000

bail bonds made for Clarence W. Byrd and Daniel J. Ward. We affirm.

The bonds were written on behalf of Maryland by its agent, Hollis Jennings. Notice of an order of forfeiture, dated October 20, 1969, was served on Jennings, and he admits that on or about November 11, 1969, he received a copy of a motion for default judgment with a notice that it would be called up November 17, 1969. No appearance was made for Maryland, and on November 17, 1969, judgment was entered against it in the amount of $10,000. No appeal or other proceedings were taken within the time limited, and said judgment became final. On January 26, 1970, after the term at which the judgment was entered had expired, Maryland filed a motion to set aside the judgment. This appeal is prosecuted from the denial of that motion.

Section 25-2001, R. R. S. 1943, provides the grounds on which a district court shall have the power to vacate or modify its judgments or orders after the term at which they were entered has expired. The power to modify or set aside a judgment ends with the adjournment of the term at which it was rendered except as provided in section 25-2001, R. R. S. 1943. Meier v. Nelsen, 156 Neb. 666, 57 N. W. 2d 273. The only ground alleged by Maryland to set aside the judgment was that "* * * justice does not require the forfeiture herein." This does not come within any of the enumerated grounds for setting aside a judgment after term. In any event, we have reviewed all of the proceedings and find nothing therein to justify the setting aside of the judgment after term time. In an action to vacate judgment after the adjournment of the term, the applicant must allege and prove that he exercised due diligence and that his failure to secure a proper decision was not due to his fault or negligence. Citizens Ins. Co. v. Herpolsheimer Implement Co., 78 Neb. 707, 111 N. W. 606.

The judgment is affirmed.

AFFIRMED.