LOUIS POFAHL, APPELLEE, v. BLANCHE V. POFAHL, APPELLANT.

243 N. W. 2d 55

Filed June 9, 1976. No. 40425.

Mohummed Sadden and Joe Cosgrove, for appellant.

Kirby, Duggan & McConnell, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is a divorce proceeding which appears to have been dismissed by the District Court without a hearing and without notice of the entry of the judgment of dismissal. The District Court set aside the judgment of dismissal and granted further relief. We reverse the judgment of the District Court.

The only issue is the finality of the judgment of dismissal. The petition was filed on February 17, 1971, and the issues made up as of May 20, 1971. A motion for temporary alimony and suit money was filed on October 29, 1971. No action thereon appears. An order to show cause entered on September 13, 1972, appears on the docket but its nature is not disclosed. Apparently in response to this order the plaintiff filed a showing that his cause was meritorious on September 21, 1972. As of February 20, 1973, the docket reveals an entry "Case dismissed." This apparently was for want of prosecution and is necessarily without prejudice. On May 13,

1974, the defendant's attorney wrote to the District Judge requesting that a date for trial be fixed. There were no further proceedings had in the case until September 4, 1975, when the plaintiff filed an application for an order directing the defendant, in compliance with an antenuptial agreement, to sign papers required for a loan. The defendant filed a special appearance relying on the finality of the order of dismissal. The court vacated the order of dismissal entered on February 20, 1973, and directed the defendant to execute the loan papers as requested by plaintiff.

The record fails to disclose that any notice of the contemplated dismissal was given prior to its entry or the grounds therefor although a show cause order of some nature was entered September 13, 1972. No journal entry appears. The clerk of the District Court failed to mail notice of the judgment of dismissal as required by section 25-1301.01, R. S. Supp., 1974, and it appears that the parties were not aware of the action taken as late as May 13, 1974, and presumably until after plaintiff's application was filed on September 4, 1975.

No application was filed requesting that the judgment be vacated and the court appears to have taken this step on its own motion. Section 25-2001, R. R. S. 1943, provides that a District Court may vacate or modify its own judgments after the term at which they were entered for, among other things, mistake, neglect, or omission of the clerk. Under section 25-2008, R. R. S. 1943, a proceeding to vacate on this ground may be brought within 3 years. Section 25-2003, R. R. S. 1943, states that the proper proceeding to correct omissions of the clerk is by motion and notice. We have held that a court has inherent power, on its own motion, to vacate a judgment within the term at which it was rendered. See Fanning v. Richards, 193 Neb. 431, 227 N. W. 2d 595. Also, that after the term section 25-2001, R. R. S. 1943, governs the vacation or modification of judgments. See State v. Byrd, 186 Neb. 330, 183 N. W. 2d 234. It is evi-

dent that normally the proceedings required in section 25-2003, R. R. S. 1943, must be followed notwithstanding judgment was entered without prior notice to the parties or opportunity for a hearing, or that the purpose of section 25-1301.01, R. S. Supp., 1974, has been defeated by the failure of the clerk to give the required notice of the entry of judgment. We have held that the right of a party to move for a new trial or to appeal cannot ordinarily be defeated in this manner. See, Crete Mills v. Stevens, 120 Neb. 794, 235 N. W. 453; Simmons v. Lincoln, 176 Neb. 71, 125 N. W. 2d 63. This does not render the judgment invalid but simply preserves the right to challenge it by motion or appeal.

This case was on the District Court docket for 2 years before its dismissal for want of prosecution. Furthermore, plaintiff's attorney was evidently cognizant that the case would be dismissed as a "Showing" was filed on September 21, 1972, indicating he had a meritorious cause of action, would file further pleadings, and complete discovery without delay. These steps do not appear to have been taken prior to entry of the dismissal on February 20, 1973. Nothing further was done until the application was filed on September 4, 1975. Plaintiff was apprised of the former dismissal when defendant's special appearance was filed on September 9, 1975, and he still had time, within the 3-year statutory period, to move for vacation of the judgment. He did not do so and, in the absence of compliance with section 25-2003, R. R. S. 1943, or the filing of a petition in equity, the court was without authority to vacate the judgment. This record is devoid of any motion or other pleading bringing the question of vacation of the judgment before the District Court.

The judgment of the District Court is reversed and the cause remanded with directions to dismiss the plaintiff's application.

REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.