ELSIE M. HALL, APPELLEE, v. MAYNARD A. HALL, APPELLANT.

271 N. W. 2d 43

Filed November 1, 1978. No. 41623.

Andrew J. McMullen, for appellant.

Meier & Adkins and David G. Wondra, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

BOSLAUGH, J.

This is an appeal in a proceeding for dissolution of a marriage. The trial court dissolved the marriage; awarded custody of the two minor children of the parties to the petitioner; awarded the petitioner child support in the amount of $50 per child per month; awarded to each party the property then in his possession; ordered the petitioner to pay certain

medical bills; and ordered the respondent to pay all other debts of the parties.

The petitioner did not file a motion for new trial within 10 days after the rendition of the judgment but filed a motion to vacate the decree some 51 days later. The motion was supported by affidavits of the petitioner's counsel and a daughter-in-law of the parties. The trial court sustained the petitioner's motion, vacated the decree, and granted a new trial. The respondent has appealed.

The respondent assigns as error the granting of the motion without any evidence having been introduced, and in receiving evidence in support of the motion in the absence of the respondent and his attorney and after having granted the motion. As we understand the record it does not support these assignments.

The journal entry for the hearing on the motion on July 20, 1977, recites that petitioner offered in evidence the affidavits filed in support of her motion and respondent, who was present with his attorney, objected thereto on the ground that they were incompetent and hearsay, which objection was overruled. Objections to the journal entry were filed by the respondent on August 10, 1977. The transcript does not show any ruling or other disposition made of these objections.

The bill of exceptions contains a statement by the trial court, dictated to the court reporter after the hearing had concluded, which recites that the affidavits were offered and received in evidence over the objection of the respondent. We interpret this statement to be a record of the proceeding made by the trial court, the court reporter not having been in attendance at the hearing on the motion. See Rule 7 e 3 of the Revised Rules of the Supreme Court, 1977. The record shows no objection by the respondent to the above statement of the trial court in the bill of exceptions.

We conclude that neither assignment of error is supported by the record before us.

A trial court has inherent power, on its own motion, to vacate a judgment within the term at which it was rendered. Pofahl v. Pofahl, 196 Neb. 347, 243 N. W. 2d 55. The respondent does not contend, and the record does not indicate that the term at which the decree was entered had expired at the time the decree was vacated.

The affidavits alleged, among other things, that statements made by the respondent upon which the decree was based were "grossly untrue." Under the circumstances we believe it was within the discretion of the trial court to vacate the decree and grant a new trial. The judgment is, therefore, affirmed.

AFFIRMED.