KATHERINE SIMMONS, APPELLANT, v. NORMAN LINCOLN, DOING BUSINESS AS MIDTOWN MOTORS, APPELLEE.

125 N. W. 2d 63

Filed December 6, 1963. No. 35523.

Matthews, Kelley & Cannon, for appellant.

Wear, Boland, Mullin & Walsh, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This is an appeal from an order sustaining an alleged special appearance to a motion to vacate an order overruling a motion for a new trial.

Katherine Simmons, hereinafter referred to as plaintiff, filed an action against Norman Lincoln, doing business as Midtown Motors, hereinafter referred to as defendant, seeking damages for the conversion of an automobile. A jury was waived and trial was had to the court which, after plaintiff rested, sustained defendant's motion to dismiss. Plaintiff filed a motion for a new trial which was overruled on February 2, 1962. An appeal was attempted to this court in case No. 35275. We sustained defendant's motion to dismiss the appeal for the reason that notice of intention to appeal was not filed within 1 month from the overruling of the motion for the new trial. The mandate was filed with the clerk of the district court on July 11, 1962.

On July 13, 1962, plaintiff filed a motion in the district court for an order vacating and setting aside the order of February 2, 1962, overruling the motion for a new trial. This motion is as follows: "COMES NOW plaintiff, Katherine Simmons, and moves the court for an order vacating and setting aside its order of February 2nd herein, for the reason that there was a mistake, neglect and ommission (sic) by the Clerk, and irregularity in the obtaining of the judgment or order sought to be vacated, in the following particulars:

"1. The order was entered without the presence of counsel for plaintiff and without knowledge of counsel for plaintiff, and without his appearance or waiver of appearance, and without notice to plaintiff of its entry.

"2. The clerk omitted to notify plaintiff's counsel by postcard as required by NRS

"Plaintiff has a vaild (sic) cause of action in this case."

To this motion defendant filed a pleading entitled a special appearance but essentially attempting to set out a plea in bar. After a hearing, defendant's pleading was sustained and this appeal was perfected.

Plaintiff's motion is phrased in substantially the language of subdivision (3) of section 25-2001, R. R. S. 1943, which section authorizes a district court to vacate or modify a judgment or order after the term at which such judgment or order was made. Section 25-2003, R. R. S. 1943, provides that the proceeding to vacate a judgment or order to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, which are the grounds enumerated in subdivision (3) of section 25-2001, R. R. S. 1943, shall be by motion, upon reasonable notice to the adverse party or his attorney in the action.

Plaintiff's motion was a proper procedure to raise the question involved herein. The motion was filed during the May 1962 term of the district court. The order overruling the motion for a new trial, to which this motion is directed, was entered during the September 1961 term of the district court. It was therefore filed after the term in which the final order was entered. The record indicates that the attorney for the defendant received notice of the motion, as required by section 25-2003, R. R. S. 1943, and that the defendant appeared therein by filing the alleged special appearance.

Defendant's brief is premised upon the theory that because any rights plaintiff may have had under the provisions of section 25-2001, R. R. S. 1943, existed when her notice of intention to appeal was filed out of time, that by appealing she elected one of two inconsistent remedies. There is no election of remedies involved herein. In the appeal in case No. 35275, plaintiff was attempting to review the ruling on the case-in-chief. If the appeal had been perfected, the fact that there may have been irregularities or omissions on the part of court personnel would be immaterial. In this

proceeding, plaintiff is trying to get a hearing on a motion to vacate the order overruling the motion for a new trial by the court which entered it, alleging that the order was entered without notice and that she did not learn of it until the time to appeal had passed so that she was deprived of her rights to an appeal.

Defendant's special appearance urges that the appeal to this court divested the district court of any jurisdiction to hear a motion under section 25-2001, R. R. S. 1943. There is no merit to this contention. The statute specifically granted the power to the district court to vacate or modify its own judgment after term time for the reasons stated therein. This right is not affected in any way by the taking of an appeal.

It is apparent that the defendant was attempting to dispose of plaintiff's motion by a pleading, on the theory that even if the allegations were true plaintiff was entitled to no relief. While the point is not argued in the brief, we assume that the defendant was attempting to suggest that even if the clerk of the district court failed to comply with the provisions of section 25-1301.01, R. S. Supp., 1961, and the plaintiff was prevented from appealing thereby, this would not be sufficient to invoke the jurisdiction of the court under subdivision (3) of section 25-2001, R. R. S. 1943.

Section 25-1301.01, R. S. Supp., 1961, provides as follows: "Within three days after the rendition of any judgment, the clerk of the court shall send a post card by United States mail to each party who has made an appearance in the action, or to his attorney or attorneys of record, advising that a judgment has been rendered and the date of rendition thereof."

Plaintiff's motion specifically pleaded the omission of the clerk to notify plaintiff's counsel by post card of the disposition of her motion for a new trial which the court had under submission, as required by section 25-1301.01, R. S. Supp., 1961. If the court overruled plaintiff's motion for a new trial after having the motion

under submission, and no attempt was made to notify the plaintiff or her counsel of the ruling thereon, and if the plaintiff or her counsel did not learn of the ruling until after the time to file a notice of intention to appeal had passed, the order overruling the motion for a new trial should be vacated. This is the very vice the statute was enacted to eliminate.

The purpose of section 25-1301.01, R. S. Supp., 1961, was to require the mailing of a notice of the rendition of a judgment after a case had been taken under submission by the court. While the statute reads "after the rendition of any judgment," we construe it to include a ruling on a motion for a new trial as well as to any other order finally disposing of an action.

The plaintiff is entitled to an opportunity to prove the allegations of her motion. For the purpose of our discussion herein, we have assumed that the statements in the motion were true, that no attempt was made to notify the plaintiff or her attorney, and that plaintiff or her attorney had no notice of the ruling on the motion for a new trial until it was too late to perfect an appeal. Upon a proper showing, these assumptions may prove to be unwarranted.

We reverse the order sustaining the alleged special appearance, and remand the cause to the district court with directions to hold a hearing on plaintiff's motion.

REVERSED AND REMANDED WITH DIRECTIONS.