MILO J. EMBREE, APPELLANT, V. STERLING ELECTRIC
COMPANY, A CORPORATION, APPELLEE.
178 N. W. 2d 275

Filed June 19, 1970.   No. 37576.

Charles Ledwith, for appellant.

Robert K. Silverman of Silverman & Silverman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and COLWELL, District Judge.

McCOWN, J.

The district court affirmed a final order of the Omaha municipal court denying defendant's motion to vacate and set aside a default judgment against him. The defendant relies on the fact that the clerk of the municipal court did not mail a notice of the rendition of the judgment.

On January 24, 1969, plaintiff filed an action against the defendant on an open account in the municipal court of Omaha.  Answer day was February 3, 1969.  When the case was called at that time, plaintiff's counsel was advised by the court that the cause had been continued by request of the defendant to February 10, 1969, at 9 a.m.   At that time, plaintiff's counsel again appeared, defendant did not appear, and the default judgment was entered against the defendant on February 10, 1969.  On February 11, 1969, a motion of the defendant to make more definite and certain was received and filed by the court.   Thereafter proceedings for execution and

in aid of execution were taken by plaintiff. On April 29, 1969, the defendant filed a motion for an order vacating and setting aside the judgment. The motion was overruled on May 26, 1969. Thereafter the defendant, as plaintiff in error, filed a petition in error in the district court. After answer and argument, the cause was taken under advisement and on December 5, 1969, the district court entered its judgment affirming the action of the municipal court.

The defendant contends that section 25-1301.01, R. R. S. 1943, which applies to procedure in district courts is also applicable here because of the provisions of section 26-1,201, R. R. S. 1943.

Section 25-1301.01, R. R. S. 1943, as to district courts provides: "Within three days after the rendition of any judgment, the clerk of the court shall send a post card by United States mail to each party who has made an appearance in the action, or to his attorney or attorneys of record, advising that a judgment has been rendered and the date of rendition thereof."

Section 26-1,201, R. R. S. 1943, is a part of the procedure provisions dealing with the municipal court in metropolitan and primary cities. It provides: "All provisions of the district court code of civil procedure, and all other provisions of the statutes of Nebraska not in conflict with the provisions of this article and relating to matters for which no specific provision has been made herein, shall govern and apply to actions in the municipal court."

Section 26-199, R. R. S. 1943, is also a part of the code of civil procedure applicable to metropolitan municipal courts. That section provides: "The case shall stand for trial on the day and hour stated in the summons, or on the day and hour to which the same is continued as provided by law. If either party shall fail to appear at the time set for the trial, the case may proceed to judgment at the request of the party appearing, at any time thereafter, prior to an appearance by the

opposing party, without further notice; Provided, when there has been an appearance in the case and judgment shall not be taken on the day set for trial, either party may call the case up for trial by serving a written notice on adverse parties or their attorneys of record of his intention to call the case up for trial; and provided, further, that the case shall not be set for trial at any time prior to five days from the service of the notice."

The Legislature has specifically set out the procedure for the entry of default judgments in the municipal court. That procedure also provides that under the circumstances here, such a judgment may be entered "without further notice." It is only where no specific provision has been made in the municipal court rules of civil procedure that the district court rules of procedure relating to such matters govern and apply to actions in the municipal courts of metropolitan and primary cities. It should also be noted that the purpose of section 25-1301.01, R. R. S. 1943, was to require the mailing of a notice of the rendition of a judgment after a case had been taken under submission by the court. See Simmons v. Lincoln, 176 Neb. 71, 125 N. W. 2d 63.

The specific provisions of section 26-199, R. R. S. 1943, leave no vacuum to be filled by the general provisions of section 26-1,201, R. R. S. 1943, as to default judgments entered at the time set for trial in the municipal court.

The action of the district court was correct and is affirmed.

AFFIRMED.