ALVENA TIETSORT, APPELLANT, V. JERALD RANNE ET AL., APPELLEES, FARMERS INSURANCE GROUP, GARNISHEE-APPELLEE.

264 N. W. 2d 860

Filed April 19, 1978. No. 41409.

Vincent J. Kirby, for appellant.

George H. Moyer, Jr., of Moyer, Moyer & Egley, for appellee Cavner.

Kennedy, Holland, DeLacy & Svoboda by Daniel P. Chesire, for garnishee-appellee.

Heard before SPENCER, McCOWN, CLINTON, and BRODKEY, JJ., and COADY, District Judge.

SPENCER, J.

Alvena Tietsort appeals from an order of the District Court setting aside a default judgment after the term in which it was entered against Gerald Cavner, and dismissing a garnishment action against Farmers Insurance Group without prejudice. We affirm.

This case originated when the plaintiff and her husband filed a petition in the District Court for Wayne County on June 22, 1973, against Jerald Ranne as defendant. They sought to recover for property damage and loss of income resulting from Ranne's crashing an automobile into their greenhouse on March 26, 1973. Ranne was never served with process in the action.

On January 3, 1974, following the death of her husband, plaintiff filed an amended petition which named Gerald Cavner as an additional defendant. The petition alleged that the automobile driven by Ranne had been leased by Gerald Cavner and was being driven by Ranne within the scope of his employment by Cavner in a business operated under

the name and style of Salesway Company, with their main place of business at 8990 West Dodge Street in Omaha, Nebraska. The sheriff of Douglas County was unable to locate either of the defendants for service of process.

On April 1, 1974, summons for Gerald Cavner was delivered to the Secretary of State for constructive service upon him at R. R. # 7, Council Bluffs, Iowa, as provided by section 25-530, R. R. S. 1943. An affidavit filed by plaintiff's attorney states that a copy of the process, notice of service, and a copy of the petition and praecipe were mailed to defendant Cavner at R. R. # 7, Council Bluffs, Iowa, by certified mail. Cavner's address actually was R. R. # 3, Council Bluffs, Iowa. This service never reached Cavner.

On January 14, 1975, a special appearance on behalf of Gerald Cavner was filed by his attorneys. On April 30, 1975, George H. Moyer, Jr., Madison, Nebraska, who filed the special appearance for Cavner, wrote plaintiff's attorney as follows: "Dear Vince: I note from the Motion Calendar of Wayne County that our Special Appearance will come up for hearing on May 7.

"Please be advised that this Special Appearance may be overruled if we are allowed twenty days to plead further.

"Thank you."

On May 7, 1975, the hearing on the special appearance was continued to June 4, 1975, at 10 o'clock a.m. The record does not indicate on whose motion the continuance was granted, but we assume it was the plaintiff's. On June 4, 1975, at 9:05 a.m., George H. Moyer, Jr., filed a motion for leave to withdraw as counsel for the defendant, Gerald Cavner. His affidavit in support of the motion stated that he had made repeated demands upon the defendant for a retainer, which had not been paid; that he had requested Cavner to call his office and discuss the case

with him; that Cavner had failed and refused to do so; wherefore he was requesting leave to withdraw. Attached was an affidavit that he had served a copy of the foregoing motion for leave to withdraw upon all interested parties, including plaintiff's counsel, and upon Gerald Cavner by addressing the same to Cavner at Salesway Company, 8990 West Dodge Street, Omaha, Nebraska, the same being the last address of said defendant known to him.

On the same day, the 4th of June 1975, at 1:30 p.m., after the motion to withdraw had been served and filed, a journal entry was filed stating the attorneys for the parties had appeared before the judge; that the special appearance was overruled; and that the defendant Cavner was given 20 days from that date in which to further plead. Cavner's attorney had not appeared as stated in the entry. On July 2, 1975, counsel for defendant Cavner was given leave to withdraw.

On the 15th day of August 1975, plaintiff filed a motion against both defendants for default judgment. Certificate of service of plaintiff's counsel indicates that the motion was mailed by certified mail to Cavner at the Omaha address where he had been employed, where service had originally been attempted but had not been completed. On September 3, 1975, the hearing on the default judgment was continued until October 8, 1975, supposedly at the request of plaintiff's counsel. On October 8, 1975, a default judgment was rendered against both defendants in the amount of $15,695. Subsequently, garnishment process was served on Farmers Insurance Group.

On November 17, 1976, defendant Cavner filed a motion to vacate and set aside the default judgment entered against him, setting out that he was an employee of Salesway Company which had gone bankrupt; that he had never received any of the communications from his attorney, addressed to the ad-

dress of Salesway Company; and that he was never served with any summons herein. Defendant further stated he had never received any notice of the trial set for October 8, 1976, and had a meritorious defense to this action which is set out in the answer attached to his motion.

On January 25, 1977, the judge issued an order requiring plaintiff to show cause on February 2, 1977, why the judgment entered against defendant Ranne should not be vacated and set aside, and scheduled a hearing on defendant Cavner's motion to vacate the judgment entered against him for that time.

On February 2, 1977, the plaintiff appeared by her attorney and the judgment of October 8, 1975, as to the defendant Jerald Ranne, the driver of the automobile involved in the accident, was vacated and set aside. The motion to vacate the judgment against Cavner, Ranne's alleged employer, was continued to March 2, 1977. On March 2, 1977, the default judgment against Cavner was vacated and set aside, and the motion to dismiss the garnishment proceedings without prejudice was sustained.

It is undisputed no proper and sufficient service was had on either defendant previous to the time Cavner's motion for special appearance was overruled, and he was given 20 days to plead. His attorney did not appear although the journal entry states otherwise. The journal entry was drawn by plaintiff's counsel on the basis of the letter from Cavner's attorney. The journal entry signed by the court contained the following language: "The Court, in consideration of the files *and the agreement of the parties* finds that said Special Appearance should be and the same is hereby overruled, AND IT IS SO ORDERED." (Italics supplied.) A copy of this order was sent to Cavner's counsel who had withdrawn, and no objection was made to it. It would certainly appear to be negligence on the part of Cavner's attorney to permit a journal entry of this type

to remain of record if it did not express his understanding. The fact that no retainer had yet been received is not a sufficient reason to fail to protect a record even though permission to withdraw was granted.

We have no doubt Cavner's attorney did not intend to enter a general appearance. We doubt that he intended his letter to be used for that purpose. The entry was procured by plaintiff's counsel pursuant to Moyer's letter. He is the one who prepared the entry which stated the special appearance was overruled by agreement. We would interpret Moyer's letter to mean he did not care to argue the special appearance and had no objection to its being overruled. We assume he expected to file an answer reserving the special appearance. However, agreeing to the overruling of a special appearance on the record and requesting further time to plead enters a general appearance. It is one thing to submit a special appearance without argument and quite another to agree it should be overruled.

Cavner's attorney should have made a record that he did not expect plaintiff's attorney to use his letter to have an entry journalized showing an agreement to overrule the special appearance. This should have been done immediately upon the receipt of a copy of the entry. No such showing has been made herein. The failure to do so is the type of conduct which sometimes makes the general public suspicious of collusion between attorneys. While we are confident that is not present in this instance, the slipshod manner of representation does raise a question. We assume this is one of the irregularities found by the trial judge in setting aside the default judgment to permit a trial on the merits.

We assume the trial court, inasmuch as the default was set aside after term on motion, did so pursuant to sections 25-2001 and 25-2003, R. R. S. 1943. Section 25-2001, R. R. S. 1943, specifically grants the

power to the District Court to vacate or modify its own judgments after term time for the reasons stated therein. We believe subsection (3) is applicable herein. It provides "for mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order." We agree with the trial court, the default should be set aside so that the case may be tried on its merits.

Defendant Cavner's affidavit and answer set out a meritorious defense. It is evident the trial judge found Cavner had no knowledge of his counsel's withdrawal or of the motion for a default judgment. If we assume that a general appearance had been entered for Cavner, the clerk of the District Court was required to comply with section 25-1301.01, R. R. S. 1943, which at the time pertinent herein, was as follows: "Within three days after the rendition of any judgment, except judgments by default rendered in divorce or separate maintenance cases, where proper service has been obtained or an appearance of the defaulting party has been made, the clerk of the court shall send a post card by United States mail to each party who has made an appearance in the action, or to his attorney or attorneys of record, advising that a judgment has been rendered and the date of rendition thereof."

The judgment was entered October 8, 1975. Stamped on the judgment entry is what we believe to be a certificate of service. However, the imprint is so poor that much of it is practically illegible. It does indicate, however, a date, the 13th day of October 1975, which is 5 rather than 3 days after the entry of the default judgment. If an attempt was made to comply with section 25-1301.01, R. R. S. 1943, it was not done within the time specified by that section. Even so, the question remains, was it mailed to the attorney who no longer was an attorney of record, or was it mailed to Cavner? The record would indicate it was the former which would not be notice

to Cavner. Cavner no longer had an attorney of record so notice to him was necessary.

If the postcard was mailed to Cavner, there is nothing in the record to indicate to what address it was sent. If sent to Cavner, which we doubt, we would assume it probably was sent to the same address used by plaintiff's attorney for the notice to take default judgment. This was the business address of Cavner's employer where plaintiff had originally attempted to have Cavner served by the sheriff of Douglas County. Plaintiff knew from previous attempts that Cavner could not be found at that address. We realize this address was taken from the affidavit of Cavner's attorney. It was evident, however, that it was not a home address but rather an address at a place of business of a bankrupt company in Omaha, Nebraska. The failure to properly comply with section 25-1301.01, R. R. S. 1943, is at least an irregularity which prevented Cavner from receiving proper notice if his attorney, who was no longer of record, had entered a general appearance for him. The combination of irregularities herein was sufficient to permit the trial judge to vacate the default judgment rendered October 8, 1975. See Simmons v. Lincoln, 176 Neb. 71, 125 N. W. 2d 63 (1963), where we held when the party did not learn of an order overruling a motion for new trial because of a failure to comply with section 25-1301.01, R. R. S. 1943, the order should be vacated.

Defendant was not an owner but an employee of Salesway Company which went bankrupt during the spring of 1975. The other defendant, Jerald Ranne, was also employed by the same company. Cavner denies that Jerald Ranne was ever employed by him in any capacity. The record indicates Cavner left the employ of Salesway Company when it became bankrupt during the spring of 1975. This was several weeks before his attorney withdrew his appearance. The record would indicate mail directed to

Cavner at the place of business of Salesway Company was never forwarded to him because of the bankruptcy of said company.

It is undisputed no service of any nature was ever made on Jerald Ranne, the operator of the automobile which struck the plaintiff's greenhouse. The judgment entered against him was set aside and no appeal has been taken from that action. Cavner is not a joint tort-feasor in the technical sense. His liability, if the allegations of plaintiff's amended petition are proved, is purely derivative, stemming from the sole negligence of Ranne and resting upon the employer-principal only because of the doctrine of respondeat superior. Cavner's liability, if any, is based not on his own misdeeds but those of Ranne, his alleged employee. Dickey v. Estate of Meier, 188 Neb. 420, 197 N. W. 2d 385 (1972).

For the reasons stated, Cavner should have his day in court. The judgment is affirmed.

AFFIRMED.