MURIEL H. NYE AND CHARLES A. NYE, APPELLANTS, V.
FIRE GROUP PARTNERSHIP, A NEBRASKA GENERAL
PARTNERSHIP, APPELLEE.

642 N.W.2d 149

Filed April 19, 2002. No. S-01-319.

Charles A. Nye, pro se, and for appellant Muriel H. Nye.

Ann M. Grottveit and Robert J. Becker, of Stalnaker, Becker, Buresh, Gleason & Farnham, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

This is an appeal from a district court's order denying a motion to vacate or modify a summary judgment under Neb. Rev. Stat. § 25-2001(4) (Cum. Supp. 2000). The appellants, Muriel H. Nye and Charles A. Nye, claimed that they never received notice of the court's order. The district court overruled the appellants' motion to vacate or modify because it found that its bailiff had mailed notice in compliance with Neb. Rev. Stat. § 25-1301.01 (Cum. Supp. 2000).

The issue raised by this appeal is whether the mailing of notice of a judgment by a judge's bailiff, instead of the clerk of the district court, satisfies the requirements of § 25-1301.01. We reverse and vacate the entry of the summary judgment because § 25-1301.01 mandates that the clerk of the district court mail notice of civil judgments.

## BACKGROUND

The Nyes filed a petition in district court to quiet title to property in Douglas County that was next to the tract on which they lived. They alleged that they had used the adjacent property in an open, adverse, exclusive, and continuous manner for over 10 years by erecting a snow fence and collecting and burning leaves on the property. The appellee, Fire Group Partnership (Fire Group), is the record owner of the adjacent property. Fire Group answered and filed a motion for summary judgment. In an order dated November 22, 2000, the district court granted Fire Group's motion for summary judgment. The court found that the evidence showed permissive use rather than continuous, exclusive, and notorious possession that would have put the owner on notice of the Nyes' claim to the property.

Charles Nye asserted in his affidavit that on January 19, 2001, he contacted Fire Group's counsel to discuss a settlement. Fire Group's counsel responded that the court had already sustained its motion for summary judgment. On January 22, Nye asserted that he told the trial judge that his conversation with Fire Group's counsel was the first knowledge that he had had of the court's summary judgment order and that he had never received a copy of it. The judge gave him a copy of the order at that time and made the following notation on the docket sheet on the same

day: "The plaintiff's copy of the order was mailed on November 22, 2000 to . . . the address provided in the plaintiff's pleadings."

On February 6, 2001, the Nyes filed a motion to vacate or modify the order. They alleged that they did not have knowledge of the order until January 21 and that the clerk of the court had not mailed them notice of the judgment as required under § 25-1301.01. They further alleged that this omission constituted grounds to vacate or modify the order under § 25-2001(4). At a hearing on the motion, the Nyes submitted an affidavit from the chief deputy clerk of the district court. In the affidavit, the clerk stated that her office did not send out a notice of the summary judgment to the Nyes and that her office does not send out summary judgment notices. The court stated that summary judgment orders were sent out by the bailiff in that court and not by the clerk. The court found that the order was mailed to the Nyes in compliance with § 25-1301.01. The motion was overruled.

## ASSIGNMENTS OF ERROR

The Nyes assign, restated, that the district court erred in denying their motion to vacate or modify its summary judgment order against them based on its findings that they had received notice of the summary judgment order and that § 25-1301.01 was complied with by the bailiff's notification of judgment.

## STANDARD OF REVIEW

■ An appellate court will reverse a decision on a motion to vacate or modify a judgment under the statutory grounds listed in § 25-2001 only if the litigant shows that the district court abused its discretion. *Hornig v. Martel Lift Systems*, 258 Neb. 764, 606 N.W.2d 764 (2000) (overruling, in part, *Thrift Mart v. State Farm Fire & Cas. Co.*, 251 Neb. 448, 558 N.W.2d 531 (1997)).

■ A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrains from acting, and the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Crawford v. Crawford, ante* p. 37, 638 N.W.2d 505 (2002).

■ Statutory interpretation presents a question of law. *Sydow v. City of Grand Island, ante* p. 389, 639 N.W.2d 913

(2002). When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Id.*

## ANALYSIS

The Nyes contend that the district court erred in finding that the requirements of § 25-1301.01 were satisfied and in denying their motion to vacate or modify the summary judgment order.

Fire Group contends that the court did not abuse its discretion in denying the Nyes' motion to vacate or modify the summary judgment order. It argues that the bailiff was the appropriate officer to mail the order under that court's practices and that the order was timely mailed.

Section 25-2001 sets out certain circumstances under which a district court may vacate or modify an order in a subsequent term. The Nyes claimed that the district court's summary judgment order should be vacated or modified under subsection (4), which provides, in relevant part: "A district court may vacate or modify its own judgments or orders after the term at which such judgments or orders were made . . . for mistake, neglect, or omission of the clerk . . . ."

The district court impliedly found that there was not a "mistake, neglect, or omission of the clerk" under subsection (4) by concluding that § 25-1301.01 was satisfied by the bailiff's mailing of notice to the Nyes. Section 25-1301.01 provides:

> Within three working days after the entry of any civil judgment, except judgments by default when service has been obtained by publication or an appearance of the defaulting party has been made, *the clerk of the court* shall send a postcard or notice by United States mail to each party whose address appears in the records of the action, or to the party's attorney or attorneys of record, advising that a judgment has been entered and the date of entry.

(Emphasis supplied.)

 In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *City of Lincoln v. Central Platte NRD,* ante p. 141, 638 N.W.2d 839 (2002).

Under § 25-1301.01, the notice of civil judgments must be sent to the parties by the clerk of the court except in two circumstances not at issue here. Neb. Rev. Stat. § 25-1301(1) (Cum. Supp. 2000), in turn, defines a judgment as "the final determination of the rights of the parties in an action." The district court's summary judgment order specified that the evidence adduced did not support a claim of adverse possession and concluded that the defendants were entitled to judgment as a matter of law. The order, therefore, was a final determination of the rights of the parties in this action and a civil judgment within the meaning of § 25-1301.

Fire Group relies upon *Roemer v. Maly*, 248 Neb. 741, 539 N.W.2d 40 (1995), in its argument that the statutory grounds for vacation or modification are not satisfied when the clerk complies with the standard practice of the district court in sending out notice. Fire Group's reliance on *Roemer* is misplaced. In that case, the clerk sent notice of an order to show cause but the notice was not received due to the plaintiff's failure to notify the clerk of a change of attorney and new address. Here, unlike *Roemer*, the clerk of the court did not send the notice of judgment to the parties.

The district court's assertion that notice was sent by its bailiff will not cure the clerk's omission under § 25-2001(4) in the absence of evidence that the Nyes received actual notice of the judgment in a timely fashion. In general, the clerk of the court is the officer responsible for keeping court records and filings. See Neb. Rev. Stat. §§ 25-2204 through 25-2214.01 (Reissue 1995) (setting out general duties of clerk of district court). A bailiff is the officer responsible for preserving order and taking charge of the jury, guarding prisoners, and other services which are reasonably necessary for the court's proper functioning. See Neb. Ct. R. of Dist. Cts. 12 (rev. 2000) (setting forth duties of court personnel).

A district court is permitted to assign additional court duties to the bailiff to perform. See *id*. But a district court is not free to displace duties that the Legislature statutorily requires to be performed by the clerk of the court by reassigning the duties to its bailiff. Compare *Building Systems, Inc. v. Medical Center, Ltd.*, 228 Neb. 168, 421 N.W.2d 773 (1988).

In holding that notice of judgment sent by the court's bailiff does not comply with the requirements of § 25-1301.01, we are not exalting form over substance. This case aptly illustrates the problems that can arise when notice is not sent by the clerk. If the clerk had made a court entry indicating that the notice had been mailed, a presumption of regularity would have attached to his or her actions, and the Nyes' claim that they did not receive notice would be without merit under *Roemer*. See, e.g., *State v. Hess*, 261 Neb. 368, 622 N.W.2d 891 (2001) (holding that presumption of regularity is afforded to clerks of court performing their official duties). But when both the court and clerk admit that notice of the judgment was not sent by the clerk, no presumption arises.

■ This court has held that the right of a party to move for a new trial or to appeal cannot ordinarily be defeated by the clerk of the court's failure to give the parties notice of the entry of the judgment. See, *Tietsort v. Ranne*, 200 Neb. 651, 264 N.W.2d 860 (1978); *Pofahl v. Pofahl*, 196 Neb. 347, 243 N.W.2d 55 (1976); *Simmons v. Lincoln*, 176 Neb. 71, 125 N.W.2d 63 (1963).

■ The failure of the clerk of the court to send notice of the summary judgment was beyond the control of the Nyes and within the statutory grounds for vacating or modifying an order under § 25-2001(4). Unless the omission is corrected, the Nyes will be denied the opportunity to appeal the decision. Therefore, the court's refusal to vacate or modify the decision granting the summary judgment should be reversed and vacated.

## CONCLUSION

The district court abused its discretion by overruling the Nyes' motion to modify or vacate its summary judgment order when the evidence showed that the clerk of the district court had not sent notice of the judgment to the Nyes.

REVERSED AND VACATED.