TIERONE BANK, APPELLEE, V. CUP-O-COA, INC., ET AL., APPELLANTS, AND KEARNEY STATE BANK AND TRUST COMPANY, INTERVENOR-APPELLEE.

734 N.W.2d 763

Filed June 12, 2007.    No. A-07-006.

Kent A. Schroeder, of Ross, Schroeder & George, L.L.C., for appellants.

Betty L. Egan and Michael F. Kivett, of Walentine, O'Toole, McQuillan & Gordon, for appellee.

Thomas W. Tye II, of Tye & Rademacher, P.C., L.L.O., for intervenor-appellee.

INBODY, Chief Judge, and SIEVERS and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

We consider the motion of TierOne Bank (TierOne) for summary dismissal. We lack jurisdiction over this appeal, not because, as TierOne contends, the appellants filed their notice of appeal out of time, but, rather, because the pendency of a complaint in intervention by Kearney State Bank and Trust Company (Kearney) and the absence of the language required by Neb. Rev. Stat. § 25-1315 (Cum. Supp. 2006) means that the order sought to be appealed was interlocutory.

## BACKGROUND

The transcript does not contain the initial complaint. Thus, we infer from other documents before us that TierOne commenced an action against Cup-O-Coa, Inc.; Barista's and Friends, Inc.; Barista Company; W.E., L.L.C.; Cathy S. Mettenbrink; and Steven D. Sickler (collectively the appellants) seeking a monetary judgment and delivery of specified tangible personal property consisting essentially of refrigeration equipment and machinery. TierOne filed a motion for default judgment against the appellants. Although the motion bears a file-stamp date of August 22, 2006, the bill of exceptions and the court's order recite a hearing date of August 21 and suggest that the motion came into the hands of the court, or at least the district

court judge, on August 21. On August 22, the district court entered a document styled as a judgment in favor of TierOne for $196,074.21 plus interest and costs and for delivery of the personal property. The order did not include the "express determination" or "express direction for the entry of judgment" authorized by § 25-1315(1).

On August 18, 2006—3 days prior to the hearing held on TierOne's motion for default judgment—Kearney filed a complaint in intervention. Kearney's complaint asserted a first lien on the assets of certain of the appellants and sought a determination that its interest was superior to that of TierOne. The bill of exceptions from the August 21 hearing on TierOne's motion shows the appearance of counsel for Kearney, recognition of Kearney's intervention, and statements of counsel recognizing that Kearney's claim to a superior interest in some of the items sought by TierOne had not yet been resolved. Nothing in the transcript or bill of exceptions shows that Kearney's complaint in intervention was later resolved.

On August 31, 2006, the appellants filed a motion for new trial, alleging that one of the appellants "arrived at the courthouse in time for the hearing and checked in properly with the Clerk of the Court. Nevertheless, [that individual] was not informed when the hearing began, meaning that he was not given the chance to appear in his own defense." The motion requested the district court to vacate the order filed August 22 and to grant a new trial.

On October 5, 2006, the district court held a hearing on the appellants' motion for new trial. At the conclusion of the hearing, the district court announced its decision overruling the motion. However, no written order was filed until November 14, when the court entered an order overruling the motion. The order contains a notation that copies were sent to counsel for the appellants and to counsel for TierOne. A second order overruling the motion for new trial was filed on December 5. The appellants' notice of appeal was filed on December 28.

## MOTION FOR SUMMARY DISMISSAL

TierOne moves for summary dismissal of the appeal under Neb. Ct. R. of Prac. 7B(1) (rev. 2001). TierOne asserts that the

appellants' notice of appeal was filed more than 30 days after the entry of the November 14, 2006, order and that under Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2006), this court lacks jurisdiction over the appeal.

## STANDARD OF REVIEW

■ A jurisdictional question which does not involve a factual dispute is a matter of law. *Stewart v. Advanced Gaming Tech.*, 272 Neb. 471, 723 N.W.2d 65 (2006).

## ANALYSIS

■ TierOne's motion raises a jurisdictional issue stemming from the existence of two orders, each purporting to overrule the appellants' motion for new trial. The Nebraska Supreme Court has often held that in order to vest an appellate court with jurisdiction, a notice of appeal must be filed within 30 days of the entry of the final order or the overruling of a motion for new trial. See, e.g., *DeBose v. State*, 267 Neb. 116, 672 N.W.2d 426 (2003). The appellants' notice of appeal filed on December 28, 2006, is untimely as to the first order, filed on November 14, but would be timely as to the second order, filed on December 5.

In the appellants' response to the motion for summary dismissal, they state:

> [T]he [a]ppellant[s'] attorney had not been made aware of the November 14 Journal Entry as of early December. Appellant[s'] attorney therefore drafted a Journal Entry which dismissed the [appellants'] Motion for a New Trial and submitted it to the court. Said Journal Entry was signed by the trial judge and filed on December 5, 2006. . . . It is from the December 5 Journal Entry that the [a]ppellant[s] timely [appeal].

■ But for the complaint in intervention, which we discuss below, the notice of appeal would be untimely. In *Simmons v. Lincoln*, 176 Neb. 71, 125 N.W.2d 63 (1963), the Nebraska Supreme Court stated that if the trial court overruled the motion for new trial without attempting to notify the plaintiff or her counsel of the ruling and if the plaintiff or her counsel did not learn of the ruling until after the time to file a notice

of intention to appeal had passed, the order overruling the motion for new trial should be vacated. The Supreme Court also stated that the statute requiring the mailing of a notice of rendition of judgment after a case has been taken under submission by a court includes a ruling on a motion for new trial, as well as any other order finally disposing of an action. *Id.* The Supreme Court later summarized the law, stating that the right of a party to move for a new trial or to appeal cannot ordinarily be defeated by the clerk of the court's failure to give the parties notice of the entry of the judgment. *Nye v. Fire Group Partnership,* 263 Neb. 735, 642 N.W.2d 149 (2002). See, *Tietsort v. Ranne,* 200 Neb. 651, 264 N.W.2d 860 (1978); *Pofahl v. Pofahl,* 196 Neb. 347, 243 N.W.2d 55 (1976).

However, the proper method of addressing the situation would have been by a motion to vacate the November 14, 2006, order. See *id.* When the Legislature fixes the time for taking an appeal, the courts have no power to extend the time directly or indirectly. *State v. Marshall,* 253 Neb. 676, 573 N.W.2d 406 (1998). An appellate court may not consider a case as within its jurisdiction unless its authority to act is invoked in the manner prescribed by law. *Id.* Because the district court was not requested to vacate—nor did it vacate on its own motion—the November 14 order, that order remained effective, and the time for appeal would have expired prior to the date of filing of the notice of appeal.

This reasoning, upon which TierOne relies, assumes that the August 22, 2006, "judgment" was, in fact, a judgment within the meaning of § 25-1315. See, also, Neb. Rev. Stat. § 25-1301(1) (Cum. Supp. 2006) ("judgment is the final determination of the rights of the parties in an action"). For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Pfeil v. State,* 273 Neb. 12, 727 N.W.2d 214 (2007).

After we initially considered TierOne's motion, we issued an order allowing the parties to address the significance of the pendency of Kearney's complaint in intervention. Only TierOne

responded, restating its reliance upon the reasoning underlying its motion for summary dismissal.

■ The August 22, 2006, order granting a monetary judgment against the appellants and directing issuance of an order for delivery of specified property is silent as to Kearney's complaint in intervention. Further, as noted above, the August 22 order does not invoke § 25-1315(1), which states:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The question before us is whether, because of the unresolved complaint in intervention, § 25-1315(1) classifies the August 22 order, although styled as a judgment, as an interlocutory order subject to revision until final adjudication of the complaint in intervention.

In *Malolepszy v. State*, 270 Neb. 100, 699 N.W.2d 387 (2005), James Malolepszy and his wife, Lynn Malolepszy, sued the State of Nebraska for damages relating to James' injuries in a motor vehicle accident which occurred in a highway construction zone. The State filed a third-party complaint against Chas. Vrana & Son Construction Co. (Vrana), the company contracted by the State to carry out the highway construction, and the driver of the other vehicle involved in the accident, who was subsequently dismissed as a party. The State filed a motion for summary judgment. On May 13, 2004, the district

court granted the State's motion for summary judgment and dismissed the Malolepszys' petition against the State. The third-party action filed by the State against Vrana was not resolved in the May 13 order, and the district court did not direct the entry of a final judgment under § 25-1315(1) as between the Malolepszys and the State. The Nebraska Supreme Court dismissed the Malolepszys' appeal for lack of jurisdiction, reasoning that there was no express adjudication of the State's third-party action against Vrana and that the district court did not make an express determination and express direction to enter judgment on the Malolepszys' claim against the State as required by § 25-1315(1).

In our opinion, the reasoning of *Malolepszy* applies to a complaint in intervention. Section 25-1315(1) refers to "more than one claim for relief," but also adds "whether as a claim, counterclaim, cross-claim, or third-party claim." While this language does not specifically mention a claim in intervention, neither does it limit the term to a plaintiff's "claim." Neb. Rev. Stat. § 25-329 (Cum Supp. 2006) refers to the "*claim* of the intervenor." (Emphasis supplied.) See, also, Neb. Rev. Stat. § 25-328 (Cum. Supp. 2006). Moreover, § 25-1315 applies when more than one claim for relief is presented or when multiple parties are involved. Section 25-328 allows the intervenor to "become a party" to the action. See *In re Interest of Kiana T.*, 262 Neb. 60, 628 N.W.2d 242 (2001). Clearly, there are multiple parties in the instant case.

The principle underlying § 25-1315 would apply equally to a claim in intervention. The Nebraska Supreme Court explained in *Malolepszy v. State*, 270 Neb. at 107-08, 699 N.W.2d at 392, as follows:

> The clear purpose of § 25-1315(1) is to provide certainty as to when an order disposing of fewer than all claims or parties in a case involving multiple claims or parties is appealable. As the joinder rules in Nebraska have been recently liberalized, thus permitting more numerous combinations of parties and claims, the necessity for such certainty is even more important. Rather than leave an assessment of the status of the trial proceedings to appellate conjecture, we read § 25-1315(1) to require,

in cases with multiple claims or parties, an explicit adjudication with respect to all claims or parties or, failing such explicit adjudication of all claims or parties, an express determination that there is no just reason for delay of an appeal of an order disposing of less than all claims or parties and an express direction for the entry of judgment as to those adjudicated claims or parties.

■ Generally, appeals may be taken only from final judgments. If an order is interlocutory, immediate appeal from the order is disallowed so that courts may avoid piecemeal review, chaos in trial procedure, and a succession of appeals granted in the same case to secure advisory opinions to govern further actions of the trial court. *Smith v. Lincoln Meadows Homeowners Assn.*, 267 Neb. 849, 678 N.W.2d 726 (2004). Section 25-1315 recognizes that in some circumstances, an appeal should be allowed where a claim has not been resolved, but it requires the trial judge to make an express determination and an express order to that effect. In the case before us, the district court made no such determination or order.

## CONCLUSION

Because of the apparent pendency of Kearney's complaint in intervention and the absence of any express determination and express direction under § 25-1315(1), the August 22, 2006, order was not a final judgment. Neither that order nor the subsequent order overruling the appellants' motion for new trial was final and appealable. Although we reach the conclusion for a different reason than the one advanced by TierOne, we agree that we lack jurisdiction and must dismiss the instant appeal.

APPEAL DISMISSED.