IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

ZITTERKOPF V. ZITTERKOPF

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

WILLIAM D. ZITTERKOPF, APPELLANT,

V.

JENNIFER L. ZITTERKOPF, APPELLEE.

Filed February 7, 2023.    No. A-22-152.

Appeal from the District Court for Scotts Bluff County: ANDREA D. MILLER, Judge. Affirmed.

William D. Zitterkopf, pro se.

No appearance by appellee.

PIRTLE, Chief Judge, and RIEDMANN and ARTERBURN, Judges.

RIEDMANN, Judge.

### INTRODUCTION

William D. Zitterkopf appeals from an order of the district court for Scotts Bluff County denying his motion to vacate a decree of dissolution and for new trial. On appeal, William asserts that newly discovered evidence revealed that his former wife, Jennifer L. Zitterkopf, committed perjury and obtained favorable results in the divorce decree by perpetrating a fraud upon the court. We find no abuse of discretion by the district court and therefore affirm its order.

### BACKGROUND

After trial was held on August 17 and August 25, 2020, a divorce decree dissolving the marriage of William and Jennifer was entered by the district court on November 12. In the decree, the parties were awarded joint legal custody of their son, with Jennifer being awarded physical

- 1 -

custody subject to William's parenting time. The district court set forth its detailed factual findings regarding the child's best interests in a seven-page attachment to the decree.

Included in this discussion were William's allegations that Jennifer was involved in a romantic relationship with an inmate at a correctional facility where she was employed when living in Tennessee. The district court noted that Jennifer denied any romantic involvement, testifying instead that her interest in the inmate was purely professional. The court also observed that a letter upon which William relied as support for his allegations was dated prior to the date on which Jennifer claimed she first became aware of the inmate. The court found Jennifer more credible, but voiced its concern about her interaction and involvement with the inmate. It ultimately concluded that although the inmate was a dangerous person, he was incarcerated in Tennessee and there was no risk of his release at the time.

In making its custody determination, the district court referenced various other actions by the parties, including William's isolation of the parties' minor child and Jennifer's daughter from a previous relationship, William's moral character, and credible allegations by Jennifer of William's abuse. It also discussed Jennifer's undisclosed move to Kearney with the minor child, her failure to support therapy for the child, and the child's need to continue living with Jennifer's daughter, his half-sibling. The district court ultimately concluded that William would misuse the power of a custodial parent and it was therefore in the minor child's best interest that Jennifer be awarded physical custody.

On November 23, 2020, William filed a motion for new trial. In it, he alleged that a newly discovered case report dated October 22, expert testimony from a handwriting expert, and a report from the sheriff's office in Tennessee associated with the investigation into Jennifer's relationship with the inmate, showed that Jennifer had committed fraud on the court. Following a hearing, the district court denied the motion stating that there was no evidence that the opinion of the handwriting expert could not have been discovered prior to trial and that the proposed evidence did not demonstrate a fraud on the court, nor would it significantly alter the outcome of the trial.

On December 14, 2020, William again filed a motion for new trial alleging newly discovered evidence. In an affidavit attached to his motion, William cited a December 8 letter he received from the general counsel for the Hamilton County, Texas, sheriff's office identifying numerous phone calls between Jennifer and the inmate that began in May. The general counsel further identified activity between Jennifer and the inmate from October 1 through the date of the letter.

The district court, following a hearing, again denied the motion. It stated the December 2020 motion for new trial made virtually the same allegations as the November motion which had been denied. But the district court stated that even considering the merits of the motion, William failed to show the evidence produced was not available prior to trial despite the exercise of due diligence. Specifically, William failed to show that he had attempted to obtain the information prior to trial and was unable to do so.

The district court noted that William also alleged Jennifer committed perjury by stating she had no contact with the inmate and that this denial was material to the district court's decision; however, the district court found this assertion was incorrect because Jennifer admitted at trial that she had contact with the inmate. And William did not present evidence that the contact was inappropriate, or a danger to the children, or that the contact was anything more than what Jennifer

stated in her testimony. Consequently, the evidence William offered would not have changed the result of the trial.

On May 12, 2021, William filed a motion to vacate the dissolution decree on the basis of fraud and newly discovered evidence and for a new trial. He alleged he was unable to obtain the evidence while the criminal investigation into Jennifer's conduct with the inmate was ongoing and that the investigation concluded after his dissolution trial ended. According to the motion, the newly discovered evidence revealed that Jennifer provided false information during trial regarding the nature of her relationship with the inmate and that she participated in fraud by changing the date on a letter that was received as a trial exhibit.

In an affidavit attached to the motion, William stated that he had received copies of telephone conversations between Jennifer and the inmate from April 17, 2019, through February 5, 2021, and he highlighted the substance of many of those conversations. A copy of the recorded conversations was provided in DVDs attached to the affidavit. He also attached a copy of email correspondence between Jennifer and the inmate. The import of these documents, according to William, was that Jennifer lied to the court regarding the nature of her relationship with the inmate and she altered the date of a letter that was offered as an exhibit at trial to obtain a favorable result in the divorce proceedings. He stated that the documents were not available to him until after the divorce action had concluded.

The court advised the parties that it would not hold an evidentiary hearing on William's motion without first having a hearing on William's request for an evidentiary hearing. At the hearing on the request for an evidentiary hearing, William offered the affidavit described above and its attachments. He also offered copies of correspondence and requests for discovery sent prior to the dissolution trial in which he attempted to obtain phone numbers and authorizations for release of cell phone records. Jennifer offered her affidavit in which she contested William's allegations and asserted that he had obtained recordings of certain phone calls between her and the inmate prior to the date on which William claimed to have first obtained the recordings. She also offered several affidavits from character witnesses and from the inmate.

In a written order, the district court denied William's motion to vacate the dissolution decree and for new trial. It determined that the motion for new trial filed pursuant to Neb. Rev. Stat. § 25-1142 (Reissue 2016) was untimely because it was filed more than 10 days after the decree was entered. Regarding William's motion to vacate pursuant to Neb. Rev. Stat. § 25-2001(4) (Reissue 2016), the district court recognized it was timely filed, but denied it on the merits.

On the issue of fraud under § 25-2001(4)(b), the district court summarized William's claim as an allegation that Jennifer lied about the nature of her relationship with the inmate in order to gain custody of the parties' child. But the district court stated that it spent extensive time discussing the parties' qualities in its decree, and that it considered a number of factors in determining custody, including Jennifer's relationship with the inmate. It noted that William had made numerous allegations regarding a romantic and inappropriate relationship between Jennifer and the inmate, and that this issue was considered by the court in making its custody decision.

On the issue of newly discovered evidence under § 25-2001(4)(c), the district court stated that William supplied only self-serving statements regarding his ability to obtain the documents, and that the attachments to his affidavit failed to prove he was unable to timely discover them. It

also observed that a number of the documents postdated the trial; therefore, they did not constitute newly discovered evidence. Because there was no showing that the offered exhibits constituted newly discovered evidence, the court denied the motion on this basis.

William appeals.

## ASSIGNMENT OF ERROR

William assigns three errors, but taken together, they allege that the district court erred in overruling his motion for a new trial without an evidentiary hearing.

## STANDARD OF REVIEW

An appellate court reviews the denial of a motion for new trial for an abuse of discretion. *In re Estate of Koetter*, 312 Neb. 549, 980 N.W.2d 376 (2022).

An appellate court will reverse a decision on a motion to vacate or modify a judgment under the statutory grounds listed in § 25-2001 only if the litigant shows that the district court abused its discretion. See *Nye v. Fire Group Partnership*, 263 Neb. 735, 642 N.W.2d 149 (2002). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrains from acting, and the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Id*.

## ANALYSIS

*Motion for New Trial.*

William brought his motion for new trial under two statutory provisions, specifically § 25-1142(2) and (7). Subsection (2) allows for a new trial when there has been misconduct by the jury or a prevailing party; subsection (7) authorizes a new trial when evidence which is material for the moving party and which it could not, with reasonable diligence, have discovered and produced at the trial is newly discovered.

William argues that a motion for new trial is timely "so long as two—and only two—conditions are satisfied." Brief for appellant at 8. He contends that these two conditions are met if the motion and supporting documents show the new evidence could not with reasonable diligence have been discovered and produced at trial and the evidence is so substantial that a different result may have occurred. William cites to Neb. Rev. Stat. § 29-2103 (Reissue 2016) in support of his argument that a motion for new trial is timely if it is filed within a reasonable time after the discovery of the new evidence. This statute provides in part that a motion for new trial based on the discovery of new evidence shall be filed within a reasonable time after the discovery of the new evidence. However, this statute applies to criminal proceedings, not civil ones. The statute applicable to William's motion is Neb. Rev. Stat. § 25-1144.01 (Reissue 2016) which requires that motions for new trial be filed no later than 10 days after the entry of the judgment. It contains no exception for newly discovered evidence.

The dissolution decree was entered on November 12, 2020. William's motion for new trial was filed May 12, 2021, well over 10 days after the entry of the dissolution decree. Applying § 25-1144.01, William's motion for new trial was untimely and we affirm the district court's order in that regard.

*Motion to Vacate.*

William sought to vacate the dissolution decree on the bases of fraud and newly discovered material evidence. The district court denied the motion on both bases. William argues on appeal that his motion to vacate, the supporting documents, and the affidavits received as evidence set forth facts which, if true, strongly suggest Jennifer obtained a favorable judgment by committing fraud on the court and perjury. He argues this materially affected his substantial rights, and that it clears the statutory hurdle for an evidentiary hearing.

Under § 25-2001(4), to vacate a judgment or order after the term in which the judgment or order was made, the party seeking to vacate such judgment or order allegedly obtained through fraud practiced by the successful party must prove: (1) The judgment or order has been obtained or produced through fraud; (2) it is inequitable or against good conscience to enforce the judgment or order; (3) the failure to secure a just decision is not the result of the vacating party's fault, neglect, or lack of diligence; and (4) the party seeking to vacate has exercised due diligence in discovering the fraud which resulted in the judgment or order in question. *In re Estate of West*, 226 Neb. 813, 415 N.W.2d 769 (1987).

Here, the district court's order overruling the motion to vacate specifically stated that it considered evidence regarding the relationship between Jennifer and the inmate at the dissolution trial, and that the phone calls and emails that occurred prior to the trial date contained nothing that was not addressed at trial. Our record does not include a bill of exceptions from the dissolution trial; therefore, we are unable to compare the evidence at trial to that offered at the post-trial hearing. However, the divorce decree does discuss both William's and Jennifer's characterization of the relationship between Jennifer and the inmate and the court found Jennifer's testimony to be more credible. To the extent the evidence offered at the posttrial hearing affects Jennifer's credibility, we are unable to find that the district court abused its discretion in determining that the proffered evidence would not have affected its custody determination. In the decree, the court acknowledged that a relationship existed and that the inmate was a dangerous person, but because of his incarceration at the time, he posed no danger to the minor child. Many other factors the court considered weighed in favor of awarding Jennifer physical custody of the minor child.

Moreover, the district court found that William failed to show that he exercised due diligence in discovering the alleged fraud and we agree. Aside from William's affidavit, none of the evidence offered at the hearing proved that it was unavailable prior to trial. And although the opinion of the handwriting expert that the date of a letter offered into evidence had been altered causes concern, there is no evidence that the expert could not have been retained prior to trial. William failed to prove that he exercised due diligence in discovering the fraud.

To vacate a judgment after the court's term on the basis of newly discovered evidence, the moving party must prove that the evidence could not have been discovered with reasonable diligence before trial nor have been discovered with reasonable diligence in time to move for a new trial. § 25-2001(4)(c). As stated above, William failed to prove the evidence could not have been timely discovered. The district court did not abuse its discretion in denying the motion to vacate on the basis of newly discovered evidence.

*Alleged Errors Argued but Not Assigned.*

William argues that the district court judge should have recused herself due to bias and partiality and he challenges several of the court's rulings. However, he did not assign these issues as error. In order to be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *Scalise v. Davis*, 312 Neb. 518, 980 N.W.2d 27 (2022). Consequently, we do not addresses these additional arguments.

CONCLUSION

We find the district court did not abuse its discretion in denying William's motion to vacate and motion for new trial, and we affirm the district court's order.

AFFIRMED.